The appellant, James Cummings, pleaded guilty to the unlawful distribution of cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 10 years' imprisonment, 5 years of which was the result of enhancement because the sale occurred within three miles of a school. § 13A-12-250, Code of Alabama 1975.
The appellant asserts on appeal that his plea was not voluntary because he was misinformed about the minimum and maximum prison term he could face by pleading guilty. Unlawful distribution of cocaine, § 13A-12-211, is a Class B felony, which is punishable by a minimum of 2 years and a maximum of 20 years in prison. § 13A-5-6, Code of Alabama 1975. Here the charge was further enhanced by § 13A-12-250, which provides for an additional 5 years' imprisonment to be tacked on to any other penalties imposed. The appellant was informed that the minimum sentence he could receive was 5 years' imprisonment and the maximum he could receive was 20 years' imprisonment. Actually, the minimum sentence the appellant could receive was 7 years' imprisonment and the maximum sentence was 25 years' imprisonment. There is absolutely no question that the appellant was misinformed about the range of prison terms. Before pleading guilty the appellant was also not informed that, because of the application of § 13A-12-250, he could not be considered for probation.
The state, relying on Willis v. State, 500 So.2d 1324
(Ala.Cr.App. 1986), maintains that this issue is not preserved for our review because no objection was made and no motion to withdraw the plea or motion for a new trial was made. We would have affirmed this case on the authority of Willis, before the Alabama Supreme Court's decision in Ex parte Rivers,597 So.2d 1308 (Ala. 1991), because the issue in a case like this had always been considered to be whether the plea was voluntary.Jackson v. State, 565 So.2d 669 (Ala.Cr.App. 1990).
Recently, Judge Patterson in Parish v. State, [Ms. CR-90-1285, September 30, 1992] (Ala.Cr.App. 1992)*, authored a thorough and extensive opinion interpreting Rivers. Based on the Alabama Supreme Court's holding in Rivers, Judge Patterson wrote in Parish that the "appellant's issue of sentencing misinformation is properly before this court despite the appellant's failure to object at trial, to move to withdraw his guilty plea, or to move for a new trial," Parish, because underRivers the issue is jurisdictional and is not waived or precluded on appeal.
Because the appellant was misinformed about the minimum and the maximum sentence he could receive, his sentence is "void."Cantu v. State, [Ms. 91-726, September 30, 1992] 1992 WL 240979 (Ala.Cr.App. 1992). We must reverse the judgment and remand this cause to the Circuit Court for Houston County. That court is directed to allow the appellant to withdraw his guilty plea and, if the appellant so wishes, to allow him the opportunity to enter another plea after he has been fully and correctly informed about the range of sentence, or to allow other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
* The Court of Criminal Appeals on April 23, 1993, on second application for rehearing, withdrew its September 30, 1992, opinion in Parish and substituted a new opinion, 1993 WL 124790. *Page 491