The appellant, Rick Pope, pleaded guilty to the unlawful distribution of a controlled substance, *Page 1099 
a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 20 years in the penitentiary pursuant to the schoolyard enhancement statute, § 13A-12-250, and the Habitual Felony Offender Act, § 13A-5-9.
The appellant argues on appeal that his guilty plea was involuntary. Specifically, he contends that he was misinformed as to the sentence he could receive if he pleaded guilty. Whether an appellant has been misinformed about the sentence he could receive by pleading guilty is an issue that may be presented at any time, regardless of whether the issue was presented by means of an objection at trial. Bennett v. State,649 So.2d 214 (Ala. 1994); Cantu v. State, 660 So.2d 1026
(Ala. 1994); Ex parte Parish, 660 So.2d 231 (Ala. 1994); andGordon v. Nagle, 647 So.2d 91 (Ala. 1994).
The plea agreement entered into by the prosecution and the appellant provided that "if [the appellant] worked with the local narcotics office to their satisfaction . . . the State would recommend probation at the time of his sentence."[1]
The record reflects that the appellant's sentence was enhanced pursuant to § 13A-12-250, the schoolyard enhancement statute, which provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.)
This statute requires the five-year enhancement to be served in the penitentiary and does not allow the sentence to be served on probation. This court has consistently interpreted the enhancement provisions of § 13A-12-250 to be mandatory, and they cannot be bargained away as part of a plea bargain. Exparte State ex rel. Barber, 669 So.2d 202 (Ala.Cr.App. 1994);Broaden v. State, 645 So.2d 368 (Ala.Cr.App. 1994). When an accused is not informed that § 13A-12-250 will be applied in the accused's case and that that statute does not allow for probation, then the accused has not been informed of the true and correct terms of the sentence. In this situation, it cannot be said that his plea was "knowingly given." Cummings v. State,642 So.2d 489 (Ala.Cr.App. 1992).
The appellant was not informed that the application of the enhancement provision of § 13A-12-250 was mandatory and that a sentence under that provision could not be the subject of probation. Therefore, his plea was involuntary. In such a situation, "[a]ll parties are returned to the status quo existing . . . before the plea negotiations were accepted by the district court. In any further prosecution of [the appellant], the State may not use any admissions obtained from or volunteered by [the appellant] in connection with the plea agreement or the acceptance of her guilty plea." Ex parte Stateex rel. Barber, 669 So.2d at 204.
For the foregoing reasons, this judgment must be reversed and the cause remanded to the Circuit Court for Etowah County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.
[1] § 13A-12-232, Code of Alabama 1975, provides that a sentence may be reduced or suspended if a party is charged with an offense under § 13A-12-231 and renders "substantial assistance" to police. This statute has no application in this case because the appellant was not charged with trafficking under §13A-12-231, but with unlawfully distributing a controlled substance under § 13A- 12-211. *Page 1100