705 So.2d 843 (1996)
David Joseph ELLIS
v.
STATE.
CR-95-0429.
Court of Criminal Appeals of Alabama.
May 10, 1996.
Opinion on Return to Remand September 27, 1996.
Opinion on Rehearing on Second Return to Remand April 18, 1997.
Opinion on Third Return to Remand August 22, 1997.
*844 James McKoon, Jr., Phenix City, for appellant.
Jeff Sessions, atty. gen., and Joseph Marston III, asst. atty. gen., for appellee.
Jeff Sessions and Bill Pryor, attys. gen., and Joseph G.L. Marston III, asst. atty. gen., for appellee (on rehearing of second return to remand and on third return to remand).
PATTERSON, Judge.
David Joseph Ellis appeals from his conviction for the unlawful distribution of cocaine. Ellis was convicted by a jury, and was sentenced to 10 years' imprisonment, assessed $100 (to be paid to the Alabama Crime Victims Compensation Commission), and fined $1000. This sentence was suspended upon Ellis's agreement to enroll in rehabilitation program at his own expense. Ellis raises one issue on appeal, and that issue is without merit. The state, however, has raised an issue that requires us to remand this case for resentencing.
Ellis contends that the trial court erred by receiving the cocaine into evidence over his "chain of custody" objection, because he alleges that no evidence showed the safeguarding of the cocaine while it was in agent Heath Taylor's possession. The record, however, refutes this allegation. Taylor testified that he received the cocaine in a sealed evidence envelope, that he did not unseal the envelope, and that he delivered the envelope to the lab in the same condition in which he received it. The prosecution presented evidence showing each element of the cocaine's chain of custody. See Ex parte Holton, 590 So.2d 918 (Ala.1991). The prosecution is not required to paint a chain of custody with the detail of Seurat. Broad brushstrokes of proof will suffice, so long as they fill the simple framework set out in Holton. Speculation descending from the lack of detail in Taylor's testimony is properly addressed to the weight of the evidencenot its admissibility. Id. The trial court properly admitted the cocaine into evidence.

II.
On the state's motion, we must remand this case to the trial court, because it failed to sentence Ellis in accordance with the mandatory provisions of § 13A-12-250, Code of Alabama 1975 (requiring an additional penalty of five years' imprisonment if the sale of drugs occurred within a three mile radius of a school). See Broaden v. State, 645 So.2d 368 (Ala.Cr.App.1994).
Ellis was convicted of the unlawful distribution of cocaine. The sentencing order and the trial court's minute entry of the jury verdict erroneously state that Ellis was convicted of the unlawful possession of cocaine. At the sentencing hearing, the trial court acknowledged this clerical error. See generally Rule 29, Ala.R.Crim.P. ("Clerical mistakes in judgments.... may be corrected by *845 the [trial] court at anytime"). Our review of the verdict, the indictment, and the jury charge shows that Ellis's conviction was in fact for the unlawful distribution of cocaine.
At the sentencing hearing, the trial court stated that Ellis's sentence of 10 years' imprisonment was the minimum sentence allowable, due to the application of the habitual felony offender act. The trial court made no mention of § 13A-12-250, although testimony at trial showed that Ellis sold drugs approximately 350 yards from a school. In view of this testimony, § 13A-12-250 mandates that Ellis's sentence be enhanced by five years' imprisonment, to run consecutively with any other penalties. Nye v. State, 639 So.2d 1383 (Ala.Cr.App.1993). The minimum sentence authorized in this case was 15 years' imprisonment. Therefore, we must remand this case to the trial court with instructions to resentence Ellis in accordance with this opinion.
REMANDED WITH INSTRUCTIONS.
McMILLAN, LONG, and COBB, JJ., concur.
TAYLOR, P.J., concurs specially.
TAYLOR, Presiding Judge, concurring specially.
I concur in the majority's holding in Part I of its opinion. The majority holds that any defects in the chain of custody go to the weight, and not the admissibility, of the evidence. This holding is supported by the recently enacted § 12-21-13, Code of Alabama 1975, which provides:
"Physical evidence connected with or collected in the investigation of a crime shall not be excluded from consideration by a jury or court due to a failure to prove the chain of custody of the evidence. Whenever a witness in a criminal trial identifies a physical piece of evidence connected with or collected in the investigation of a crime, the evidence shall be submitted to the jury or court for whatever weight the jury or court may deem proper. The trial court in its charge to the jury shall explain any break in the chain of custody concerning the physical evidence."

On Return to Remand
PATTERSON, Judge.
We remanded this case to the trial court on May 10, 1996, with instructions to resentence David Joseph Ellis so that his sentence would be enhanced by an additional five years' imprisonment for the sale of drugs within a three-mile radius of a school, as mandated by § 13A-12-250, Code of Alabama 1975. The return to our remand filed by the trial court shows that it complied with our instructions and enhanced Ellis's original 10-year sentence to 15 years; however, it then split his sentence, suspending the sentence and placing Ellis on probation for 5 years, after which he was to serve 3 years' in the penitentiary. Such an order violates § 13A-12-250. Section 13A-12-250, commonly known as the "schoolyard statute," requires the five-year enhancement period to be served in the penitentiary and does not allow the five-year period or any part of it to be suspended or served on probation. Pope v. State, 681 So.2d 1098 (Ala.Cr.App.1995); Parrish v. State, 663 So.2d 983 (Ala.Cr.App. 1994). The sentence imposed by the trial court on remand provides for only three years' imprisonment, which violates the schoolyard statute. We find it necessary to again remand this case with instructions that the trial court hold another sentencing hearing at which it is to resentence Ellis in a manner that reflects the proper application of § 13A-12-250.
The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 28 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

On Application for Rehearing Following Issuance of Opinion on Second Return to Remand
JOHN PATTERSON, Retired Appellate Judge.
This court's opinion of January 17, 1997, is withdrawn and the following is substituted therefor.
*846 On July 22, 1994, the appellant, David Joseph Ellis, was indicted by the Russell County grand jury for distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Code of Alabama 1975. On October 4, 1995, he was convicted, after a jury trial, of the offense charged in the indictment and was sentenced on November 28, 1995, as a habitual offender with one prior felony conviction, to 10 years' imprisonment. In sentencing the appellant, the trial court failed to enhance his sentence by five years, pursuant to § 13A-12-250, even though there was undisputed evidence that the sale had occurred within three miles of a school. On May 10, 1996, we remanded the case to the trial court with instructions for it to resentence the appellant by adding the required enhancement to the appellant's sentence in accordance with § 13A-12-250. 705 So.2d 844 (Ala.Cr.App.1996). On remand, the trial court resentenced the appellant to 15 years' imprisonment (the original 10-year sentence plus the 5 years' enhancement); however, it ordered a "reverse split" of the sentence, suspending the sentence and placing the appellant on probation for 5 years and ordering that afterwards he would serve 3 years' imprisonment. This latter action contravenes § 13A-12-250. The mandatory enhancement provision § 13A-12-250 provides that the entire five-year period be served in the penitentiary and does not permit any part of the five years to be served on probation or to be suspended. Accordingly, on September 27, 1996, we remanded a second time and again instructed the trial court to sentence the appellant in accordance with § 13A-12-250. 705 So.2d 844 (1996).
On October 18, 1996, while the appellant's sentence was pending before the trial court on the second remand, the appellant filed a motion in the trial court to set aside the verdict and to grant a new trial.[1]
On October 24, 1996, the prosecuting attorney filed a response to the motion, stating that he would not oppose the motion on the condition that the appellant would enter into a plea agreement whereby he would plead guilty to the lesser included offense of possession of cocaine and would agree to a sentence of six years' imprisonment, a $5,000 fine, a $100 assessment to the victims compensation fund, and a $2,000 pursuant to the Drug Demand Assessment Act.[2] On the *847 same date, the trial court set aside the appellant's conviction and sentence and ordered a new trial. The record does not disclose what occurred after that action; however, the appellant states in his brief in opposition to the state's application for rehearing discussed below that on January 10, 1997, he pleaded guilty to the lesser included offense of possession of a controlled substance, and was sentenced in accordance with the terms set out in paragraph 4 of the district attorney's response to the motion for a new trial, and that he is now on probation.
On January 17, 1997, this court, upon receiving a return to our remand showing that the trial court had entered an order setting aside the verdict and ordering a new trial, determined that the appeal had become moot and we dismissed the appeal. The state then filed an application for rehearing on January 31, 1997, asking us to reconsider our January 17, 1997, opinion and to set aside our ruling that the appeal had become moot, and to again remand to the trial court with instructions to set aside its order granting a new trial and to enhance the appellant's sentence in accordance with the law and the prior instructions of this court. It contends that the trial court, under the circumstances presented here, lacked jurisdiction to grant a motion for a new trial and had only the limited jurisdiction necessary to enhance the appellant's sentence in accordance with the instructions of this court. The state also moves, pursuant to Ala.R.App.P. 39(k), that we extend our opinion and adopt the additional findings of fact set out in its motion.
The state's undisputed evidence shows that the appellant sold a quantity of cocaine to an undercover officer and that the sale occurred within three miles of a school. Indeed, the evidence showed that the sale occurred within 350 yards of a school. The appellant did not testify and offered no evidence in his defense. The state gave proper and timely notice of its intent to seek sentence enhancement under the Habitual Felony Offender Act, § 13A-5-9, and the school-yard enhancement statute, § 13A-12-250. It was undisputed that the appellant had a prior felony conviction. Under the facts of this case, the minimum sentence that the trial court could have been imposed was 10 years' imprisonment for selling cocaine, plus an additional 5 years' imprisonment because the sale occurred within three miles of a school, or a total sentence of 15 years' imprisonment. § 13A-12-211; § 13A-5-6; and § 13A-5-9.
The principal question presented here is when this court remands a case to a trial court for the purpose of enhancing a sentence, does the trial court have jurisdiction to act beyond those instructions and, for example, grant a new trial? When an appeal is perfected, the trial court can do nothing with respect to any matter or question that is involved in the appeal and that may be adjudged by the appellate court. McKinney v. State, 549 So.2d 166 (Ala.Cr.App.1989).
"After an appeal is taken, the court whence it came loses control of the subject-matter or question in the case made the subject of an order, judgment, or decree from which the appeal is taken. Action in said case should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided."
Id. at 167, quoting Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635, 642 (1923) (citations omitted). On remand, the issues decided by an appellate court become the law of the case, and the trial court's duty is to comply with the directions given by the reviewing court. Lynch v. State, 587 So.2d 306 (Ala. 1991); McGee v. State, 620 So.2d 145 (Ala.Cr. App.1993).
We remanded the instant case only for the purpose of further enhancing the appellant's sentence by five years as required by § 13A-12-250. Thus, the trial court had no jurisdiction to modify the original or base sentence imposed or to take any action beyond the express mandate of this court. It certainly had no jurisdiction to grant a new trial or to attempt to dispose of the case in some other manner.
*848 After considering the state's application for rehearing, its brief in support thereof, and after reviewing the appropriate authorities, we find that the application is meritorious and due to be granted. We further find, upon reconsideration, that our opinion of January 17, 1997, declaring the appeal in this case moot and dismissing the appeal due to be withdrawn.
Because the trial court failed to comply with our previous instructions, we remand this case again with instructions for it to enhance the appellant's sentence in accordance with § 13A-12-250. We further instruct the trial court to set aside its order granting a new trial as well as all other orders and judgments of the court stemming from the granting of a new trial. Those orders were entered without subject-matter jurisdiction in the trial court and are without effect. Ross v. State, 581 So.2d 495 (Ala. 1991); Ex parte O'Leary, 417 So.2d 232 (Ala. 1982), cert. denied, 463 U.S. 1206, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983); Ala.R.Cr.P. 24.1(b). The appellant's contention that his motion for a new trial was timely filed and thereby conferred upon the trial court jurisdiction to act upon it is without merit. The motion for a new trial was not timely filed. The proper sentence for the appellant's conviction is 10 years' imprisonment for his conviction of distribution of a controlled substance plus 5 years' enhancement under § 13A-12-250, for a total sentence of 15 years. The only authority granted the trial court on this remand is for it to correct its sentencing order to reflect the original 10-year sentence enhanced by an additional 5 years, for a total sentence of 15 years, with no probation or suspension applicable to the enhancement portion of the sentence. Due return should be filed with this court within 28 days from the date of this opinion, setting forth the action taken in complying with this remand.
The foregoing opinion was prepared by Retired Appellate Judge JOHN PATTERSON while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
OPINION OF JANUARY 17, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION GRANTED; REMANDED WITH INSTRUCTIONS.
All Judges concur.

On Third Return to Remand
JOHN PATTERSON, Retired Appellate Judge.
On April 18, 1997, we remanded this case with instructions for the trial court to enhance the appellant's sentence pursuant to § 13A-12-250, because there was undisputed evidence that the sale of the controlled substance occurred within three miles of a school. We further instructed the trial court to set aside its order granting a new trial as well as all other orders and judgments of the court stemming from the granting of a new trial because the motion for a new trial was not timely. The trial court has filed with this court a return to remand that showed that it has complied with our instructions. The trial court has set aside its order granting a new trial and all other orders rendered in connection therewith. The trial court has also corrected its sentencing order to reflect that it has sentenced the appellant in accordance with our instructions to 10 years' imprisonment for his conviction of distribution of a controlled substance plus 5 years' enhancement under § 13A-12-250, for a total sentence of 15 years, with no probation or suspension applicable to the 5-year enhancement portion of the sentence.
Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge JOHN PATTERSON while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All Judges concur.
NOTES
[1] The appellant alleged the following grounds in support of the motion for a new trial:

"1. The verdict in this case is contrary to law; and/or
"2. The verdict is against the great weight of the evidence in this case.
"3. The Defendant's attorney may have newly discovered evidence which could not have been discovered with due diligence prior to the trial of this case.
"4. The Trial Court was compelled to impose a mandatory sentence pursuant to Section 13A-12-250, Code of Alabama 1975, as amended, in this case. Said Section 13A-12-250, Code of Alabama 1975, as amended, and sentence is violative of Defendant's constitutional rights and is unconstitutional in that the statute and the imposition of punishment pursuant thereto is a violation of equal protection guaranteed by the Fourteenth Amendment, the Eighth Amendment, as well as other provisions of the Alabama and United States Constitution. Said statute is further an impermissible intrusion and use of legislative authority upon the rights and duties of the duly elected judiciary in that it mandates a particular sentence without regard to other important factors which are normally considered in the sentencing process. This mandatory sentencing invades the sentencing discretion of the judiciary and violates the separation of powers between the legislature and judicial branch of government envisioned by the founding fathers.
"5. The Defendant has previously been properly sentenced and has paid a substantial fine, fees and costs in this case. Defendant has been fulfilling the obligations of his probated sentence. Confinement of the Defendant would not be fair, just or equitable at this point in time."
[2] The response shows the following:

"1. The State is aware of the fines, fees and costs previously paid by the Defendant in this cause and of the sentence imposed by the Court.
"2. The State is further aware of Defendant's compliance with the previous orders of the Court since the verdict in this case.
"3. Based upon the aforesaid, the State's view of Defendant's Motion for New Trial and the State's discussion with the Defendant's attorney regarding this case and said motion, the State has no objection to the Court's granting Defendant's motion upon the conditions set forth below.
"4. The State's consent to the granting of Defendant's Motion for New Trial is conditioned upon Defendant's agreement to enter a plea of guilty to the lesser included offense of Unlawful Possession of a Controlled Substance (cocaine) as set forth in Section 13A-12-212, with a plea agreement reflecting a recommended sentence of six (6) years, a $5,000.00 fine, $100 to the Victim's Compensation Fund, $2,000.00 to be paid in accordance with the Drug Demand Assessment Act."