On or about July 21, 1998, Vick Anthony George filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his August 14, 1996, guilty plea convictions for one count of rape in the first degree and one count of assault in the first degree. For those convictions, George received consecutive sentences of 15 years' imprisonment. He did not file a direct appeal. In his Rule 32 petition, George alleged (1) that his guilty pleas were involuntary because, he said, the trial court failed to inform him of the nature of the charges against him and the material elements of the offenses to which he was pleading guilty; and (2) that his trial counsel was ineffective for failing to inform him of, or to ensure that he understood, the nature of the charges against him and the material elements of the offenses to which he was pleading guilty. On September 30, 1998, the State filed a motion to dismiss George's petition, arguing: (1) that the petition was procedurally barred because, the State said, it was filed outside the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P.; (2) that the claims in the petition were precluded because, the State said, they could have been, but were not, raised at trial (see Rule 32.2(a)(3), Ala.R.Crim.P.); (3) that the petition failed to state a claim upon which relief could be granted; and (4) that a transcript of George's guilty plea proceedings would be dispositive of all issues raised in his petition. The State's motion to dismiss did not specifically address the merits of George's claims, and the State submitted no evidence in support of its motion. On October 2, 1998, the circuit court granted the State's motion to dismiss George's petition, indicating merely that it was doing so "for the reason stated" [sic] in the State's motion. There was no evidentiary hearing on the claims in George's petition.
We find that it is necessary to remand this cause to the circuit court for that court to examine the merits of the claims in George's petition. George's petition was filed less than two years after the time for filing a direct appeal from his convictions had lapsed. Therefore, his petition was not (as the State argued in its motion to dismiss) procedurally barred by the two-year limitations period of Rule 32.2(c), Ala.R.Crim.P. Moreover, claims challenging the voluntariness of a guilty plea, as well as claims alleging ineffective assistance of trial counsel, may be raised for the first time in a timely filed Rule 32 petition. See Ex parte Ingram, 675 So.2d 863 (Ala. 1996);Cantu v. State, 660 So.2d 1026 (Ala. 1994); and, e.g., Baker v.State, 717 So.2d 859 (Ala.Cr.App. 1996). Accordingly, the claims in George's petition were not (as the State argued) precluded under the provisions of Rule 32.2(a)(3), Ala.R.Crim.P. In its motion to dismiss George's petition, the State also maintained that a transcript of George's guilty plea proceedings would be dispositive of all issues raised in his petition. However, George did not appeal his convictions, and a transcript of his guilty plea proceedings is not contained in the record before us. Moreover, in moving to dismiss George's petition, the State did not specifically refute George's contention that his trial counsel failed to inform him of, or to ensure that he understood, the nature of the charges against him and the material elements of the offenses to which he was pleading guilty. As we noted above, the State submitted no evidence in support of its motion to dismiss George's petition. Thus, we are unable to determine the merits of George's claims that his guilty pleas were involuntary and that his trial counsel rendered ineffective assistance. *Page 610 
In order for a guilty plea to be considered voluntary, the defendant must be advised of "[t]he nature of the charge and the material elements of the offense to which the plea is offered." Rule 14.4(a)(1)(i), Ala.R.Crim.P.; see Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1968). George's claims that his guilty pleas were involuntary and that his trial counsel was ineffective were sufficiently specific to entitle him to relief if the facts alleged were true. Because George's claims are not precluded by Rule 32.2(c), Ala.R.Crim.P., by Rule 32.2(a)(3), or by any other provision of Rule 32.2, and because, from the record before us, we are unable to assess the merits of George's claims, we must remand this cause to the circuit court with directions for that court to address the merits of George's claims. On remand, the circuit court may conduct an evidentiary hearing or consider such other evidence as it deems necessary to address George's claims. If the circuit court denies George's claims, it should state its reasons for doing so, setting forth in writing its specific findings of fact with regard to each claim. Due return should be filed with this court no later than 56 days after the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, Cobb, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On August 18, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 426