852 So.2d 185 (2001)
Rodrellas SMITH
v.
STATE of Alabama.
CR-00-2214.
Court of Criminal Appeals of Alabama.
November 30, 2001.
Opinion on Return to Remand March 22, 2002.
*187 Rodrellas Smith, pro se.
William H. Pryor, Jr., atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
SHAW, Judge.
Rodrellas Smith appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his August 13, 1999, guilty-plea conviction for unlawful distribution of a controlled substance.[1] Smith was sentenced to five years' imprisonment, enhanced by an additional five years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional five years' imprisonment pursuant to § 13A-12-270, Ala.Code 1975. Smith's five-year base sentence was suspended and he was ordered to serve three years on probation. Smith did not appeal his conviction.
Smith filed the present petition on October 17, 2000. In his petition, Smith alleged (1) that his guilty plea was involuntary because, he said, neither the trial court nor his trial counsel informed him that his sentence would be enhanced by §§ 13A-12-250 and 13A-12-270 or that he could not receive probation on the enhanced portion of his sentence; and (2) that his trial counsel was ineffective for not informing him that his sentence would be enhanced by §§ 13A-12-250 and 13A-12-270 and that he could not receive probation on the enhanced portion of his sentence.[2] Smith maintained that had he known that his sentence would be enhanced by an additional 10 years upon the application of §§ 13A-12-250 and 13A-12-270 and that he could not receive probation for the enhanced portion of his sentence, he would not have pleaded guilty.
On June 5, 2001, after receiving a response from the State, the circuit court summarily denied Smith's petition. The circuit court found that Smith's claims were not pleaded with sufficient specificity to warrant relief, and that they were precluded by Rules 32.2(a)(3) and (a)(5), Ala. R.Crim.P., because they could have been, but were not, raised and addressed at trial and on appeal.
*188 We find it necessary to remand this case to the circuit court for it to examine the merits of the claims in Smith's petition. It is well settled that "claims challenging the voluntariness of a guilty plea, as well as claims alleging ineffective assistance of trial counsel, may be raised for the first time in a timely filed Rule 32 petition." George v. State, 774 So.2d 608, 609 (Ala.Crim.App.2000). See also Ex parte Ingram, 675 So.2d 863 (Ala.1996); Baker v. State, 717 So.2d 859 (Ala.Crim. App.1996); and Cantu v. State, 660 So.2d 1026 (Ala.1994). Thus, the claims in Smith's petition are not, as the circuit court found, precluded by Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. In addition, contrary to the circuit court's finding, Smith's claims were pleaded with sufficient specificity to entitle him to relief if the facts alleged are true. Smith alleged that he was not informed, either by the trial court or by his counsel, that the enhancement provisions of §§ 13A-12-250 and 13A-12-270 would be applied to his sentence or that he could not receive probation on the enhanced portion of his sentence and that, had he known the enhancements would apply and that he could not receive probation, he would not have pleaded guilty. "When an accused is not informed that § 13A-12-250 [or § 13A-12-270] will be applied in the accused's case and that the statute does not allow for probation, then the accused has not been informed of the true and correct terms of the sentence ... and it cannot be said that his plea was `knowingly given.'" Pope v. State, 681 So.2d 1098, 1099 (Ala.Crim.App.1995). See also Cummings v. State, 642 So.2d 489 (Ala.Crim.App.1992). In addition, "a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary." Ex parte Blackmon, 734 So.2d 995, 997 (Ala.1999). See also Ford v. State, 831 So.2d 641 (Ala.Crim.App.2001); and Minor v. State, 627 So.2d 1071 (Ala.Crim.App. 1992).
Moreover, the State did not specifically refute either of Smith's claims in its response; rather, the State merely asserted a general denial of Smith's claims. The State argued that Smith was afforded "a hearing at the time of ... his guilty plea[ ] to ensure that [his] guilty plea was voluntarily and intelligently given"; that Smith "was well aware of his constitutional rights" when he pleaded guilty; and that Smith executed "Court's Exhibit B" reflecting that he was satisfied with his counsel's performance. (C. 31.) The State did not specifically address Smith's claims that he was not informed by the trial court or his counsel that his sentence would be enhanced by §§ 13A-12-250 and 13A-12-270 nor did it attach Court's Exhibit B to its motion to dismiss and that document is not contained in the record on appeal. Furthermore, the record on appeal does not contain a transcript of Smith's guilty-plea proceedings and because Smith did not appeal his conviction a transcript is not otherwise available for this Court to review. Based on the record before us, we are unable to determine the merits of Smith's claims that his guilty plea was involuntary and that his trial counsel was ineffective.
Therefore, we remand this cause to the circuit court for that court to address the merits of Smith's claims that his guilty plea was involuntary and that his trial counsel was ineffective and to make specific findings of fact regarding each claim. On remand, the circuit court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. Due return shall be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's *189 written findings; a transcript of the evidentiary hearing, if one is conducted; any other evidence taken by the court; and a transcript of the guilty-plea proceedings.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

On Return to Remand
SHAW, Judge.
On October 17, 2000, Rodrellas Smith filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief, attacking his August 13, 1999, guilty-plea conviction for unlawful distribution of a controlled substance. Smith was sentenced to five years' imprisonment, enhanced by an additional five years' imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional five years' imprisonment pursuant to § 13A-12-270, Ala.Code 1975; his five-year base sentence was suspended and he was placed on probation for three years. In his petition, Smith alleged (1) that his guilty plea was involuntary because, he said, neither the trial court nor his trial counsel informed him that his sentence would be enhanced by §§ 13A-12-250 and 13A-12-270 or that he could not receive probation on the enhanced portion of his sentence, and (2) that his trial counsel was ineffective for not informing him that his sentence would be enhanced by §§ 13A-12-250 and 13A-12-270 and that he could not receive probation on the enhanced portion of his sentence. The circuit court summarily denied Smith's petition on June 5, 2001.
On November 30, 2001, this Court remanded the case to the circuit court for it to address the merits of Smith's claims that his guilty plea was involuntary and that his trial counsel was ineffective. See Smith v. State, 852 So.2d 185 (Ala.Crim. App.2001). On return to remand, the circuit court has submitted the following order:
"This court received this case on an order of remand from the Court of Criminal Appeals pursuant to a Rule 32 petition heretofore filed by the defendant.
"This defendant was on probation from this court for the distribution portion of this case pursuant to § 13A-12-211; therefore, this court still had jurisdiction over this defendant in this case.
"The defendant in open court stated that he would prefer to be placed on probation in this case pursuant to Soles [v. State, 820 So.2d 163 (Ala.Crim.App. 2001),] and this court concurred and granted his motion to dismiss the Rule 32 petition. Pursuant to the defendant's motion the Rule 32 petition is dismissed as moot as this defendant is no longer in custody on this case [and] the remainder of the sentence was suspended and the defendant placed on probation for one (1) year."
(Record on remand, C. 2.)
Instead of addressing the merits of the claims in Smith's petition as this Court requested that it do, the circuit court apparently suspended the enhanced portion of Smith's sentence, pursuant to the newly amended § 15-18-8, Ala.Code 1975, and this Court's opinion in Soles v. State, 820 So.2d 163 (Ala.Crim.App.2001). However, the circuit court did not have jurisdiction to modify Smith's sentence.
First, the circuit court exceeded the scope of our remand order. It is well settled that "any act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction." Anderson v. State, 796 So.2d 1151, 1156 (Ala.Crim.App.2000)(opinion after remand), citing Ellis v. State, 705 So.2d 843, *190 847 (Ala.Crim.App.1996) (stating that on remand, "the trial court had no jurisdiction to modify the original or base sentence imposed or to take any action beyond the express mandate of this court"). The circuit court was directed to address the merits of Smith's claims that his guilty plea was involuntary and that his trial counsel was ineffective. The circuit court's modification of Smith's sentence was, therefore, beyond its jurisdiction.
Second, it is also well settled that "[i]f a motion for a new trial or a request to modify a sentence is not filed within 30 days of sentencing, the trial court loses all jurisdiction to modify the sentence." Massey v. State, 587 So.2d 448, 449 (Ala.Crim. App.1991). See also Moore v. State, 814 So.2d 308, 309-310 (Ala.Crim.App.2001) ("In the absence of a motion for a new trial or a request to modify a sentence, filed within 30 days after sentencing, the trial court loses all jurisdiction to modify a defendant's sentence at the end of the 30th day."). Although it appears that on remand Smith indicated that if the circuit court would suspend the enhanced portion of his sentence,[1] he would dismiss his Rule 32 petition, Smith's request was clearly not filed within 30 days of his sentencing, which occurred in 1999. Therefore, the circuit court did not have jurisdiction to modify Smith's sentence. See, e.g., McGee v. State, 620 So.2d 145 (Ala.Crim.App. 1993).
Finally, the amendment to § 15-18-8(a)(1) does not apply retroactively. Section 15-18-8(a)(1) was amended by Act No. 2000-759, § 1, Ala. Acts 2000. Section 3 of that Act provides: "The provisions of Sections 1 and 2 shall be applied prospectively only and shall apply only to any case in which the sentence is not final at the trial court on the effective date of this act." The effective date of the amendment was May 25, 2000, approximately nine months after Smith pleaded guilty and was sentenced on August 13, 1999. Although in Soles, 820 So.2d at 165, this Court recognized that the recent amendment to § 15-18-8(a)(1) supersedes the prohibitions in §§ 13A-12-250 and 13A-12-270 against probation on the enhanced portion of a sentence, and "allows a trial court to suspend a sentence imposed pursuant to the school/housing enhancements, notwithstanding that those provisions disallow probation," Smith's sentence was final before the amendment to § 15-18-8; therefore, the amendment did not apply to him. The circuit court did not have jurisdiction to contravene the prohibitions against probation in §§ 13A-12-250 and 13A-12-270 and to suspend the enhanced portion of Smith's sentence. See, e.g., Ellis, supra.
Because the circuit court did not comply with our previous instructions, we must remand this case a second time with instructions that the circuit court address the merits of Smith's claims in his Rule 32 petition that his guilty plea was involuntary and that his trial counsel was ineffective and to make specific findings of fact regarding each claim. On remand, the circuit court may either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. We further instruct the circuit court to set aside its order modifying Smith's sentence because that order was issued without jurisdiction. Due return should be filed with this Court no later than 42 days from the date of this opinion. The return to remand shall include the circuit court's written *191 findings; a transcript of the evidentiary hearing, if one is conducted; any other evidence taken by the court; and a transcript of the guilty-plea and sentencing proceedings.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in the result.
NOTES
[1] On the printed Rule 32 form, Smith indicated that he was attacking both his 1999 conviction for unlawful distribution of a controlled substance (CC-99-2835) and his 1997 conviction for unlawful possession of a controlled substance (CC-97-4581). However, the claims in Smith's petition were directed solely at his 1999 conviction; the circuit court's order denying the petition listed only case no. CC-99-2835; and Smith's notice of appeal listed only case no. CC-99-2835. Therefore, we construe Smith's Rule 32 petition as challenging only his 1999 conviction.
[2] At the time Smith was convicted and sentenced, §§ 13A-12-250 and 13A-12-270 expressly provided that a defendant could not receive probation on the enhanced portion of his sentence. However, in Soles v. State, 820 So.2d 163 (Ala.Crim.App.2001), this Court recognized that the recent amendment to § 15-18-8(a)(1), Ala.Code 1975, effective May 25, 2000, supersedes the prohibitions in §§ 13A-12-250 and 13A-12-270 against probation, and "allows a trial court to suspend a sentence imposed pursuant to the school/housing enhancements, notwithstanding that those provisions disallow probation." 820 So.2d at 165.
[1] Although the circuit court's order indicated that Smith appeared "in open court," the transcript of the proceedings that were apparently conducted on remand are not included in the record submitted by the circuit court on return to remand.
[*] Note from the reporter of decisions: On January 7, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.