Claude Lee Ragland appeals from the circuit court's summary dismissal of his Rule 32, Ala. R.Crim. P., petition filed *Page 731 
on May 31, 2002.[1] The petition sought post-conviction relief from his December 10, 1999, conviction for distribution of a controlled substance and from his resulting 26-year sentence. Ragland's conviction was obtained pursuant to a guilty plea. He was sentenced on January 26, 2001.[2] Ragland's sentence comprises a base sentence of 16 years and two 5-year enhancements that were added to the base sentence pursuant to § 13A-12-250 and § 13A-12-270, Ala. Code 1975. On direct appeal, this Court affirmed his conviction and sentence. Ragland v. State,825 So.2d 881 (Ala.Crim.App. 2001). The certificate of judgment was issued on January 25, 2002. Ragland's petition was timely filed May 31, 2002. The circuit court summarily dismissed the petition as being insufficiently pleaded[3] without obtaining a response from the State.
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097,1098 (Ala. 2001). "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State,516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748 So.2d 231,233 (Ala.Crim.App. 1999).
Ragland has sufficiently pleaded at least one claim entitling him to relief. Thus, an effort to decipher all of the claims he attempted to raise in his petition is unnecessary. Ragland claims in his petition and on appeal 1) that his guilty-plea was involuntary because, although he was informed of the possible range of sentence, he was not informed at his guilty plea proceedings that his sentence would be enhanced 10 years pursuant to §§ 13A-12-250 and 13A-12-270, Ala. Code 1975; and 2) that trial counsel was ineffective for failing to inform Ragland that his sentence would be enhanced under §§ 13A-12-250 and 13A-12-270, Ala. Code 1975.
This Court can take judicial notice of its own records. Exparte Salter, 520 So.2d 213, 216 (Ala.Crim.App. 1987). The record from Ragland's direct appeal confirms Ragland's assertion that he was not informed that his sentence would include the sentence enhancements found in §§ 13A-12-250 and 13A-12-270, Ala. Code *Page 732 
1975. The record from his guilty-plea colloquy on direct appeal discloses that the trial court told Ragland that because Ragland had two prior felony convictions, the minimum possible sentence that he could receive after a conviction for distribution of a controlled substance was 15 years and that the maximum sentence he could receive was 99 years to life. No mention of the application of the enhancements found in §§ 13A-12-250 and13A-12-270, Ala. Code 1975, can be found in the record of the direct appeal until sentencing. At sentencing, the trial court expressed its displeasure with Ragland for failing to appear at his two previously scheduled sentencing hearings. The trial court then stated that because of Ragland's failure to appear, the court "wouldn't be bound by that agreement that your attorney had reached"[4] (record on direct appeal at R. 8.), and instead of sentencing Ragland to 15 years in prison pursuant to the agreement, the trial court was increasing Ragland's sentence from 15 years to 16 years in prison. After pronouncing Ragland's sentence to be 16 years, the trial court stated, for what the record discloses to be the first time, "[t]here's an additional punishment under section 13A-12-250 . . . [and] under section 13A-12-270." Pursuant to these statutes, the trial court added 10 years to Ragland's 16-year sentence.
 "It is well settled that `claims challenging the voluntariness of a guilty plea, as well as claims alleging ineffective assistance of trial counsel, may be raised for the first time in a timely filed Rule 32 petition.' George v. State, 774 So.2d 608, 609
(Ala.Crim.App. 2000). See also Ex parte Ingram, 675 So.2d 863 (Ala. 1996); Baker v. State, 717 So.2d 859 (Ala.Crim.App. 1996); and Cantu v. State, 660 So.2d 1026 (Ala. 1994)."
Smith v. State, 852 So.2d 185, 188 (Ala.Crim.App. 2001).
 "`When an accused is not informed that § 13A-12-250
[or § 13A-12-270] will be applied in the accused's case . . . then the accused has not been informed of the true and correct terms of the sentence . . . and it cannot be said that his plea was "knowingly given."' Pope v. State, 681 So.2d 1098, 1099
(Ala.Crim.App. 1995). See also Cummings v. State, 642 So.2d 489 (Ala.Crim.App. 1992). In addition, `a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary.' Ex parte Blackmon, 734 So.2d 995, 997 (Ala. 1999). See also Ford v. State, 831 So.2d 641 (Ala.Crim.App. 2001); and Minor v. State, 627 So.2d 1071
(Ala.Crim.App. 1992)."
Smith v. State, 852 So.2d at 188.
The circuit erred in denying Ragland relief on the above claim presented in his Rule 32, Ala. R.Crim. P., petition. This cause is therefore remanded to the trial court with directions to allow Ragland to withdraw his guilty plea on the grounds that his plea was not knowingly and voluntarily entered, and, if Ragland so wishes, to allow him the opportunity to enter another plea after he has been fully and correctly informed about the range of sentence. If at that time Ragland declines to plead guilty, "the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated *Page 733 
automatically." Rule 14.4(e), Ala. R.Crim. P. Due return shall be made to this Court within 60 days of the release of this opinion. As stated above, because we must remand this cause to the trial court, we pretermit any discussion of the remaining issues raised by Ragland on appeal.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] The supplemental record contains a Rule 32, Ala. R.Crim. P., petition that was filed on March 19, 2002. This petition was docketed in the circuit court as CC-99-4206.60. This petition asserts as grounds for relief that the United States Constitution and the Alabama Constitution of 1901 require a new trial and that petitioner was denied effective assistance of counsel. No argument whatsoever was presented in support of these claims. The case action summary sheet reflects that on April 8, 2002, this petition was dismissed at Ragland's request. (Supp. Record at C. 4.) Thus, the instant petition appears to be Ragland's first petition.
[2] The record on direct appeal from his conviction reflects that sentencing was scheduled for January 28, 2000, but that Ragland did not appear. Sentencing was rescheduled for March 24, 2000, but Ragland again did not appear. An arrest warrant was issued and Ragland was committed to jail on December 28, 2000. The Court of Criminal Appeals can take judicial notice of its own records. Ex parte Salter, 520 So.2d 213, 216 (Ala.Crim.App. 1987).
[3] The record contains a written order dated January 13, 2003, in which the circuit court found that there was a "contradiction between [Ragland's] statement of facts and his argument as set out for grounds for relief" and that the circuit court "does hereby deny the Rule 32 Petition as hereby filed by [Ragland] for the grounds as set out in [Ragland's] statement of facts in his petition." (C. 3.) The meaning of this order in not entirely clear; however, we take it to mean that the petition did not plead sufficient grounds for relief.
[4] This is the first suggestion in the record on direct appeal that there had been an agreement with the State concerning sentencing. However, it is clear from other claims contained in Ragland's petition that he thought he had been assured that was going to receive a sentence of 15 years in prison if he entered a guilty plea. The trial court's comments certainly suggest that before the sentencing hearing there had been an understanding reached concerning the sentence to be imposed.
* Note from the reporter of decisions: On December 19, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.