LYONS, Justice.
Johnny C. Parks pleaded guilty to the unlawful distribution of a controlled substance, cocaine. He was sentenced as a habitual offender to 15 years’ imprisonment, enhanced by an additional 10 years pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. He appealed, challenging the voluntariness of his guilty plea. The Court of Criminal Appeals affirmed the judgment of the trial court, without an opinion. Parks v. State (No. CR-02-1189, September 19, 2003), 886 So.2d 185 (Ala.Crim.App.2003) (table). We affirm.
The following is an excerpt of the transcript of the trial court’s taking of Parks’s guilty plea:
“THE COURT: Okay. The State is alleging that this sale took place within a three mile radius of a public housing project and a school.... And, as such, there will be automatic five-year enhancements. Instead of 15 years to Life, it will be more like 25 years to Life. Meaning the 15-year base sentence plus 5 for the housing project, plus 5 for the public school for a total of 25. Do you understand that?
“THE DEFENDANT: Yes, sir....
“THE COURT: Okay. That is what I thought. Do you understand that the State can make a recommendation as to *373 your sentence in this case, but I am not bound by that recommendation and I may set your sentence within the range I described to you moments ago. And further, I have the sole power to grant probation or suspended sentence, - regardless of any recommendation from the State within the parameters of the law. Do you understand that? ...
“THE DEFENDANT: I understand. Yes, sir....
“THE COURT: Based on what you are telling me then, I find your plea to be voluntary, knowing, and intelligent and I will accept it if you choose to offer it. Do you?
“THE DEFENDANT: Yes, sir.”
After the trial court accepted Parks’s guilty plea, Parks did not object, request that his guilty plea be withdrawn, or move for a new trial. The Court of Criminal Appeals unanimously affirmed' the judgment of the trial court.
Parks filed a petition for a writ of certio-rari in this Court, arguing that the Court of Criminal Appeals’ decision in his case conflicts with its decision in Pope v. State, 681 So.2d 1098 (Ala.Crim.App.1995), in which the Court of Criminal Appeals held that whether a plea was involuntary" is an issue that can be raised at any time, regardless of whether the petitioner objected on that basis in the trial court. We granted Parks’s petition as to the issue of the preservation of his claim that his guilty plea was not voluntary. We affirm.
The Court of Criminal Appeals stated in its unpublished memorandum:
“On appeal, Parks contends that his guilty plea is involuntary for several reasons. Parks did not present this claim to the trial court either in an objection, in a motion to withdraw his guilty plea, or in a motion for a new trial. ‘ “[Cjlaims relating to the voluntariness of guilty plea must be first presented to the trial court or they are waived on direct appeal.” ’ Danzey v. State, 703 So.2d 1019, 1019 (Ala.Crim.App.1997), quoting Anderson v. State, 668 So.2d 159, 162 (Ala.Crim.App.1995). See also Stinson v. State, 669 So.2d 1010, 1011 (Ala.1995); , Cantu v. State, 660 So.2d 1026 (Ala.1994); Williams v. State, 727 So.2d 879 (Ala.Crim.App.1998). As a result, this claim was not preserved for review.”
Parks argues that the Court of Criminal Appeals’ holding in his appeal directly conflicts with its holding in Pope.
‘Whether an appellant has been misinformed about the sentence he could receive by pleading guilty is an issue that may be presented at any time, regardless of whether the issue was presented by means of an objection at trial. Bennett v. State, 649 So.2d 214 (Ala.1994); Cantu v. State, 660 So.2d 1026 (Ala.1994); Ex parte Parish, 660 So.2d 231 (Ala.1994); and Gordon v. Nagle, 647 So.2d 91 (Ala.1994).”
Pope, 681 So.2d at 1099. The State argues that Pope was wrongly decided and that it is inconsistent with the present law regarding an appeal from a conviction based on an involuntary plea.
This Court’s holdings regarding the appellate review of the voluntariness of a guilty plea have been met with some confusion over the past decade. In Ex parte Rivers, 597 So.2d 1308, 1309-10 (Ala.1991), this Court held:
“[Tjhis Court and the Court of Criminal Appeals have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea....
[[Image here]]
*374 “ ‘[W]hen a sentence is clearly illegal or not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review.’ ”
(Quoting Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989).) The Court of Criminal Appeals, in reliance on Rivers, held in several cases that the issue whether a plea based on misinformation as to the possible sentence was voluntary or involuntary can never be waived. See Pope, 681 So.2d at 1099; Cantu v. State, 660 So.2d 1024, 1025 (Ala.Crim.App.1992); Cummings v. State, 642 So.2d 489, 490 (Ala.Crim.App.1992); Garrett v. State, 611 So.2d 493, 494 (Ala.Crim.App.1992). In Cantu, the Court of Criminal Appeals prompted this Court to review our holding in Rivers, saying “that until we receive any contrary indication from the Alabama Supreme Court, the Rivers rule applies where the defendant has received incorrect sentencing information .... ” Cantu, 660 So.2d at 1025. This Court then granted certiorari review in Cantu to clarify the process of appellate review of an involuntary guilty plea. Cantu v. State, 660 So.2d 1026 (Ala.1994).
In Cantu, this Court held that the holding in Rivers did not excuse a defendant from presenting the claim that his guilty plea was involuntary to the trial court before seeking appellate review. 660 So.2d at 1029. This Court also overruled any prior opinion of the Court of Criminal Appeals or of this Court that interpreted the holding of Rivers differently from the interpretation given that ease in Cantu. The holding in Cantu reflects the current state of the law regarding the appellate review of an involuntary guilty plea:
“Under either option [filing a motion to withdraw the guilty plea or filing a Rule 32, AIa.R.Crim.P., petition], the trial court is given the first opportunity to review the issue of voluntariness of the guilty plea. This procedure enables the trial judge to pass on any points raised and also establishes a record on which an appellate court may base an informed and reasoned disposition of the appeal. The question of voluntariness will first be put to the trial court, which can conduct an evidentiary hearing, and, if necessary, entertain collateral evidence in support of the defendant’s position. If a trial court rules against the defendant either on the motion to withdraw the guilty plea or on the Rule 32 petition, that ruling may be challenged upon appeal.”
660 So.2d at 1029.
Pope, which was decided by the Court of Criminal Appeals after this Court issued its original opinion in Cantu but before this Court modified that opinion on application for rehearing, is not in accord with the current state of the law reflected in Cantu, as modified on application for rehearing. Although in Pope the Court of Criminal Appeals cited this Court’s opinion in Cantu as authority, the holding in Pope is reflective of the former interpretations of Rivers, which maintained that a claim that an involuntary guilty plea could be reviewed by an appellate court although the claim was not raised in the trial court.
In Stinson v. State, 669 So.2d 1010, 1011 (Ala.1995), decided after Pope, this Court reiterated the prerequisites to appeal a claim that a guilty plea was involuntary expressed in Cantu:
“[T]he defendant may either (1)- make a motion before the trial court to withdraw the guilty plea or (2) file a Rule 32 petition before the trial court. Through either avenue, the trial court must be given the opportunity to address this issue.”
Parks cannot rely on Pope to maintain his appeal because Pope is not a correct statement of the law. Furthermore, to end any *375 confusion about the process of appealing a claim that a guilty plea was involuntary, this Court hereby overrules Pope to the extent it conflicts with the procedure set out herein.
Because Parks did not first present to the trial court his claim that his guilty plea was involuntary, he has waived his right to appeal as to that issue. Therefore, the Court of Criminal Appeals correctly held that Parks’s claim was not preserved for appeal, and its judgment is affirmed.
AFFIRMED.
HOUSTON, JOHNSTONE, ' WOODALL, and STUART, JJ., concur.