We granted certiorari review to address a single issue: Whether the definition of "search warrant" contained in § 15-5-1, Ala. Code 1975, and Rule 3.6, Ala. R.Crim. P., is broad enough to encompass the seizure of intangible photographic images as evidence of a crime. The trial court and the Court of Criminal Appeals upheld the search warrant. Because we hold that the definition of "search warrant" in § 15-5-1 and Rule 3.6 is *Page 257 
broad enough to reach intangible photographic evidence, we affirm.
 I.
The facts of this case are set forth in detail in the opinion of the Court of Criminal Appeals. Jones v. State,719 So.2d 249 (Ala.Crim.App. 1996). It is sufficient here to say that a sheriff's department investigator gave a sworn affidavit containing detailed information obtained from an alleged victim of sexual abuse. That information included a description of a distinguishing physical characteristic on the body of the alleged perpetrator, Paul Jones. Based on this evidence, the trial court issued a search warrant for the examination and photographing of Jones's body. After a reasonable search, personnel from the sheriff's office discovered the distinguishing characteristic on Jones's body and photographed it. Based in part on this evidence, a jury convicted Jones of three counts of sodomy in the first degree, three counts of sexual abuse in the first degree, and three counts of sexual abuse in the second degree, all against his niece while she was between the ages of 8 and 14. The Court of Criminal Appeals affirmed.
We defer to the opinion of the Court of Criminal Appeals with respect to the issues addressed therein, and we focus our review on the definition of "personal property" applicable to search warrants under Alabama law. Jones argues that the search warrant issued to search his person is invalid because, he argues, § 15-5-1 and Rule 3.6 provide that search warrants in Alabama may be issued only for the recovery of "personal property." Jones contends that the reference in § 15-5-1 and in Rule 3.6 to "personal property" is not broad enough to include the photographic images of his person "seized" by the sheriff's department. We disagree.
Section 15-5-1 provides:
 "A `search warrant' is an order in writing in the name of the state signed by a judge, or by a magistrate authorized by law to issue search warrants, and directed to the sheriff or to any constable of the county, commanding him to search for personal property and bring it before the court issuing the warrant."
(Emphasis added.) Similarly, Rule 3.6, Ala. R.Crim. P., provides:
 "A search warrant is a written order, in the name of the state or municipality, signed by a judge or magistrate authorized by law to issue search warrants, directed to any law enforcement officer as defined by Rule 1.4(p), commanding him to search for personal property and, if found, to bring it before the issuing judge or magistrate."
(Emphasis added.)
Jones's argument assumes that the phrase "personal property" in § 15-5-1 and Rule 3.6 refers only to tangible personal property, and thus excludes intangible photographic evidence. Because this is an issue of first impression for this Court, we look to the decisions of other jurisdictions for interpretations of similar statutes and similar rules of criminal procedure as applied to the seizure of personal property that is analogous to intangible photographic images.
In United States v. New York Telephone Co.,434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977), the Supreme Court of the United States addressed whether Rule 41(b), Fed.R.Crim.P., authorized the issuance of search warrants for the seizure of electronic impulses generated by telephones. A neutral judge issued a search warrant to the Federal Bureau of Investigation to facilitate the investigation of alleged gambling activities.Id. at 161-62, 98 S.Ct. 364. The search warrant authorized placing "pen registers" on telephone lines to capture the electronic impulses emitted when telephones are dialed, thereby capturing the numbers dialed from the alleged gambling operation. Id. at 161-62, 98 S.Ct. 364. The Supreme Court quoted Rule 41(b):
 "[A search warrant may be issued to:] search for and seize any (1) property that constitutes evidence of the commission of a criminal offense; or (2) contraband, the fruits of crime, or things otherwise criminally possessed; or (3) property designed or intended for use or which is or has been used as the means of committing a criminal offense.'" *Page 258 
Id. at 169, 98 S.Ct. 364. The Supreme Court also quoted Rule 41(h), which defined "property" to "include documents, books, papers and any other tangible objects."Id. Nonetheless, the Supreme Court stated that Rule 41(b) was not "limited to tangible items but is sufficiently flexible to include within its scope electronic intrusions authorized upon a finding of probable cause." Id.
Similarly, in People v. Teicher, 52 N.Y.2d 638,422 N.E.2d 506, 439 N.Y.S.2d 846 (1981), the Court of Appeals of New York addressed whether a New York statute provided for the seizure of video images. A neutral judge issued a search warrant to the district attorney's office to facilitate the investigation of alleged sexually abusive behavior by a dentist toward his female patients. Id. at 644,422 N.E.2d at 509, 439 N.Y.S.2d at 849. The search warrant authorized placing a camera in the dentist's office to capture video images of the dentist's alleged sexually abusive behavior. Id. The Court of Appeals quoted the statute governing search warrants:
 "CPL 690.10 (subd 4) provides that `[p]ersonal property is subject to seizure pursuant to a search warrant if there is reasonable cause to believe that it . . . [c]onstitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense'."
Id. at 651, 422 N.E.2d at 512, 439 N.Y.S.2d at 852. (Emphasis added.) The Court of Appeals then stated:
 "Defendant maintains that this statute authorizes only the seizure of tangible property and does not permit the seizure of an intangible visual image secured by a video recording. We reject this interpretation. ". . . [I]n United States v. New York Tel. Co., 434 U.S. 159[, 98 S.Ct. 364, 54 L.Ed.2d 376], the Supreme Court had occasion to determine if rule 41 of the Federal Rules of Criminal Procedure, which closely parallels the language of CPL 690.10 (subd 4), authorizes the issuance of a warrant to seize intangible evidence. . . . The court determined that rule 41 is sufficiently broad to include seizures of intangible items such as dial impulses. . . . We believe that the similarity in the wording of rule 41 and CPL article 690 is sufficient to permit analogy. Accordingly, we conclude that the court in the instant case was authorized under CPL article 690 to issue a warrant for the seizure of intangible visual images in defendant's office."
Id. at 651-52, 422 N.E.2d at 512-13,439 N.Y.S.2d at 852-53.
In this case, a neutral judge issued a search warrant to the sheriff's department to facilitate the investigation of alleged sexual abuse. The search warrant authorized the use of a camera to capture still photographic images of a distinguishing characteristic of Jones's body described by the alleged victim of sexual abuse. Section 15-5-1 and Rule 3.6 provide that search warrants may issue for the seizure of "personal property." Although the better practice would be for Alabama law enforcement officers to follow Rule 16.2(b)(8), Ala. R.Crim. P., which authorizes post-arrest physical inspections, we are persuaded by the cogent analysis in New York TelephoneCo. and Teicher, supra, that the term "personal property" in § 15-5-1 and Rule 3.6 should be interpreted to encompass pre-arrest searches for, and seizures of, intangible items such as dial impulses, video images, and still photographic images. Thus, the warrant to search for the photographic images in this case was duly authorized by Alabama law.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur. *Page 259