On November 27, 2000, Soles entered a blind plea to the charge of unlawful distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Ala. Code 1975. On April 6, 2001, the trial court, upon application of §§ 13A-12-250 and 13A-12-270, Ala. Code 1975, sentenced Soles to 10 years in prison, to be followed by two years of supervised probation.[1] The trial court also ordered that Soles pay $1,000 pursuant to the Demand Reduction Assessment Act. See § 13A-12-281(a), Ala. Code 1975. This appeal followed.
During the sentencing proceedings, Soles moved the trial court to suspend or "split" the mandatory 10-year enhancement and cited §15-18-8(a)(1), Ala. Code 1975, which had been amended effective May 25, 2000. The State objected. The trial judge decided not to suspend the 10-year enhancement and stated:
 "Well, I'm not aware of any caselaw either. Maybe we'll make some. I would say this; I would probably structure the sentence much differently than *Page 164 
 what I'm going to do if your interpretation of that act is correct. If I had the authority to, I would split this sentence including the mandatories because the mandatories provide for a mandatory — basically a mandatory 10-year sentence which cannot be probated or suspended, in addition to the two years [required by § 13A-5-6(a)(2) because this offense is a Class B felony], which in essence makes it a 12-year sentence, 10 of which is mandatory incarceration.
 "I think that's a little harsh, and if I had the authority to I would structure it differently. I would probably give him some kind of split in conjunction with treatment and monitoring and other appropriate sanctions. I don't — since there is no caselaw on that, I'm not sure I have the authority to do that. That might be an issue you want to address with the appellate court because I would do what you are asking me to do to some extent if I had that authority. Maybe some appellate court will tell me I do have that authority. We'll see I guess."
(C.R. 23-24.) Soles then objected to the trial court's decision not to suspend his sentence, and the trial court overruled his objection.
Soles argues that, pursuant to § 15-18-8, as amended, the trial judge had the authority to suspend the 10-year sentence imposed pursuant to the enhancements mandated by §§ 13A-12-250 and 13A-12-270
(hereinafter "the school/housing enhancements"). On appeal, the State agrees.
The school/housing enhancements, which were last amended in 1989, provide an additional penalty of "five years incarceration" if a person is convicted of the unlawful sale of a controlled substance and the sale occurred within three miles of a school (§ 13A-12-250) or within three miles of a public housing project (§ 13A-12-270). These sections impose additional penalties "with no provision for probation."
Section 15-18-8(a)(1), as amended, provides, in pertinent part:
 "(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
 "(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best."
(Emphasis added.) Among other changes, the Legislature added the emphasized portion; the amendment was effective May 25, 2000.
Soles contends, and the State agrees, that, although the newly amended § 15-18-8 conflicts with the probation proscriptions in the school/housing enhancements, the new amendment to § 15-18-8 mitigates the historically harsh mandates of the school/housing enhancements by allowing a trial court to suspend a sentence it imposes pursuant to those enhancement provisions.
 "The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala. 1992); *Page 165 
 Volkswagon of American, Inc. v. Dillard, 579 So.2d 1301
(Ala. 1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala. 1993); IMED Corp. v. Systems Eng'g Associates Corp., 602 So.2d 344 (Ala. 1992)."
Beavers v. County of Walker, 645 So.2d 1365, 1376-77 (Ala. 1994). Seealso Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of TuscaloosaCounty, 589 So.2d 687, 689 (Ala. 1991) ("Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect." (citations omitted)). Moreover, this Court has stated:
 "`In determining legislative intent, statutes are, where possible, construed in harmony with statutes existing at the time of enactment, so that each is afforded a field of operation.' Sullivan v. State ex rel. Attorney General of Alabama, 472 So.2d 970, 973
(Ala. 1985). `It is a fundamental principle of statutory construction that in enacting the statute the legislature had full knowledge and information as to prior and existing law and legislation on the subject of the statute.' Miller v. State, 349 So.2d 129, 131 (Ala.Cr.App. 1977). `[I]n cases of conflicting statutes on the same subject, the latest expression of the legislature is the law. Where a conflict exists between statutes, the last enactment must take precedence.' [Baldwin County v.]Jenkins, 494 So.2d [584,] 588 [(Ala. 1986)] (citations omitted)."
Hatcher v. State, 547 So.2d 905, 906-07 (Ala.Crim.App. 1989).
We agree with Soles and the State that the newly amended § 15-18-8
allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements. First, the amended language in §15-18-8(a)(1) — "notwithstanding any provision of the law to the contrary" — is the latest expression of the Legislature in this area. Second, the plain language of § 15-18-8(a)(1) indicates that, although §§ 13A-12-250 and 13A-12-270 do not provide for probation on the enhanced portion of a sentence, the later amendment to §15-18-8(a)(1) supersedes that prohibition and allows a trial court to suspend a sentence imposed pursuant to the school/housing enhancements, notwithstanding that those provisions disallow probation.
Although the trial judge imposed a sentence within the statutory range for Soles's conviction for unlawful distribution of a controlled substance,[2] the trial judge stated on the record that, unequivocally, he would have imposed a different sentence if he had had authority to do so. Therefore, because we hold that the newly amended § 15-18-8(a)(1) allows a trial court to suspend a sentence imposed pursuant to § 13A-12-250 or § 13A-12-270, we remand this cause to allow the trial judge to resentence Soles in accordance with the appropriate statutory provisions and with this opinion. Due return shall be made to *Page 166 
this court within 42 days of the release of this opinion.
REMANDED FOR RESENTENCING.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.
[1] The fact that the offense was subject to the enhancements in §§ 13A-12-250 and -270 was contained in the indictment, and Soles stipulated that the incident took place within three miles of two schools and within three miles of a housing project. (C.R. 20.)
[2] Unlawful distribution of a controlled substance is a Class B felony. See § 13A-12-211(b), Ala. Code 1975. The sentencing range for a Class B felony is "not more than 20 years or less than 2 years." § 13A-5-6(a)(2), Ala. Code 1975.