833 So.2d 668 (2001)
Andrea Raquel TUCKER
v.
STATE of Alabama.
CR-00-2223.
Court of Criminal Appeals of Alabama.
November 30, 2001.
George W. Andrews III, Birmingham, for appellant.
Bill Pryor, atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
PER CURIAM.
On January 8, 1999, Andrea Raquel Tucker was indicted for two counts of unlawful distribution of a controlled substance (marijuana). On January 10, 2001, the State filed a motion to amend the indictment to include the fact that Tucker had distributed the marijuana within three miles of a school. See § 13A-12-250, Ala. Code 1975. The trial court granted the State's motion, over Tucker's objection. (C.R. 12.)
On March 13, 2001, Tucker was convicted of two counts of unlawful distribution of a controlled substance. On June 8, 2001, the trial court sentenced Tucker to serve two years in prison on each charge, followed by one year of probation. The trial court enhanced each sentence by five *669 years pursuant to § 13A-12-250 and ordered that the sentences were to run concurrently. Tucker filed a motion for a new trial and for reconsideration of the sentences, which the trial court summarily denied. This appeal follows.
First, Tucker argues that the trial court erroneously allowed the State to amend the indictment to allege that the sales had occurred within three miles of a school. Specifically, Tucker contends that the amendment "resulted in the charge of a different offense, adding an additional element to defend against...." In Poole v. State, [Ms. CR-99-1200, August 31, 2001] ___So.2d ___, ___ (Ala. Crim App.2001), this Court held as follows:
"Based on the language in Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and on the prior holdings of that Court, we do not believe that the Supreme Court intended to impose presentment and indictment requirements on the individual states' rights to define criminal activity.
"The Alabama Legislature did not intend to create new offenses, distinct and separate from § 13A-12-211, when it enacted §§ 13A-12-250 and 13A-12-270; it intended instead to provide harsher penalties, i.e., each statute is prefaced with the following language, `In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance....' We have stated that the intent was to make a drug-free zone around schools and housing projects. Qualls v. State, 555 So.2d 1158 (Ala. Crim.App.1989).
". . . .
"Our Legislature has defined the offense of distributing a controlled substancethat definition does not include the location of the crime. However, under Apprendi, because this fact may result in the increase of Poole's sentence above the statutory maximum, this fact must be presented to the jury and proven beyond a reasonable doubt. The location of the crime is relevant only to the sentence Poole may receive and not to whether, in fact, Poole committed the offense of distributing a controlled substance as charged in the indictment. 530 U.S. at 484, 120 S.Ct. 2348.
"To require an indictment to include any applicable enhancements would also elevate the fact that made the enhancement applicable to the exalted status of an `essential element' of the crime charged and would invite challenges to the validity of the underlying convictions in every court in this state. Our refusal to endorse the indictment requirement is also consistent with the views expressed by the Alabama Supreme Court in Ex parte Parker, 740 So.2d 432 (Ala.1999). In Parker, that Court held that the fact that the defendant had prior DUI convictions that would elevate a fourth conviction for DUI to a felony conviction should not be alleged in the indictment.
"The implications of finding that any fact that may increase a punishment above the statutory maximum must be charged in an indictment are too enormous to mention in this opinion. Any defendant who has ever been sentenced under these statutory provisions could argue that his or her conviction was void because a `material or essential element' of the offense was not included in the indictment. When a material element is omitted from an indictment a conviction is due to be vacated and jurisdictional issues are not subject to waiver and may be raised at any time. See Ex parte Harper, 594 So.2d 1181 (Ala.1991). Neither are jurisdictional issues subject to a harmless error analysis. We also believe that the Apprendi *670 holding implies that the failure to allege in the indictment the location of the crime does not affect the validity of the indictment, i.e., does not rise to the level of a jurisdictional defect. Had the defect in Apprendi amounted to a jurisdictional defect that would invalidate the indictment, a reviewing court would, ex mero motu, be charged with noticing the defect. See Ex parte Hargett, 772 So.2d 481 (Ala.Crim.App.1999). The Supreme Court did not hold in Apprendi that the underlying conviction was due to be vacated."
(Footnotes omitted; emphasis added.) The amendment to Tucker's indictment merely added the location of the crime, which was surplusage; it need not have been alleged in the indictment at all, and it did not add a material element to the crime with which she was charged. Therefore, Tucker's argument is without merit, and the trial court correctly granted the State's motion to amend the indictment over Tucker's objection.
Additionally, Tucker argues that, pursuant to § 15-18-8, Ala.Code 1975, as amended, the trial judge had the authority to suspend the five-year sentence imposed pursuant to § 13A-12-250. The State agrees. While Tucker's appeal was pending, this Court decided the case of Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App. 2001), in which we held "that the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements."
During Tucker's sentencing hearing, the trial judge, like the trial judge in Soles, maintained that he would have split Tucker's five-year sentence imposed pursuant to § 13A-12-250 if he could have, stating:
"[Prosecutor, defense counsel,] and Ms. Tucker, were I convinced that Title 15-18-8 as amended last summer, were I convinced that it authorized me to impose a split sentence in your case, a split sentence if you will on the school enhancement portion of your case, I would do so. I would do that.... [If t]he circumstances change in the future you let me know and I will reconsider sentence. I hope you will give a look at it and they will give us discretion in these matters. Many of the folks that have been convicted in here I would sentence to the penitentiary for selling drugs. But there have been a number of cases where I would like to have had discretion in this matter. And this is certainly that type of case."
(R. 212-23.)
We remand this cause as we did in Soles because, although the trial judge imposed a sentence within the statutory range for Tucker's convictions for unlawful distribution of a controlled substance,[1] the trial judge unequivocally stated on the record that he would have imposed a different sentence if he had had the authority to do so. We remand this cause to allow the trial judge to resentence Tucker in accordance with the appropriate statutory provisions and with this opinion. Due return shall be made to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. COBB, J., dissents, with opinion, which SHAW, J., joins.
*671 COBB, Judge (dissenting).
Although I agree that the trial court should be allowed to resentence Tucker in accordance with our opinion in Soles v. State, I believe a remand is unnecessary because I would reverse her convictions and sentences for unlawful distribution of a controlled substance. I believe that the trial court erred when it permitted the State to amend the indictment for distributing marijuana to include the enhancement under § 13A-12-250, Ala.Code 1975, because the amendment resulted in Tucker's being charged with a greater offense. See Rule 13.5(a), Ala. R.Crim. P. Therefore, I would reverse Tucker's convictions and sentences for distribution of a controlled substance. See my special writing in Poole v. State, [Ms. CR-99-1200, August 31, 2001] ___ So.2d ___, ___ (Ala. Crim.App.2001), in which I concur with Judge Shaw's special writing as to this point.
NOTES
[1] Unlawful distribution of a controlled substance is a Class B felony. See § 13A-12-211 (b), Ala.Code 1975. The sentencing range for a Class B felony is "not more than 20 years or less than 2 years." § 13A-5-6(a)(2), Ala.Code 1975.
[*] Note from the reporter of decisions: On April 19, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion.