PER CURIAM.
On March 10, 2000, Leamon Smith, alias James Leamon Smith, Jr., was indicted by an Etowah County grand jury on one count of trafficking in morphine (CC-00-230.01), a violation of § 13A-12-231(3)(a), Code of Alabama 1975, and on one count of unlawful distribution of a controlled substance (CC-00-230.02), a violation of § 13A-12-211. On May 3, 2000, Smith waived arraignment and entered pleas of not guilty to both charges. On September 8, 2000, Smith was indicted by an Etowah County grand jury on one count of unlawful possession of a controlled substance (CC-00-855), a violation of § 13A-12-212(a)(1), Ala.Code 1975.[1] On October 27, 2000, Smith waived arraignment and entered a plea of not guilty to the charge of unlawful possession.
On February 12, 2001, Smith withdrew his not-guilty pleas and entered blind pleas of guilty to all three charged offenses. The circuit court held a plea hearing and accepted Smith’s plea of guilty to all three charged offenses and set a sentencing hearing. On August 7, 2001, the circuit court conducted a sentencing hearing and sentenced Smith on all three charges. In the trafficking case, the circuit court sentenced Smith to 15 years’ imprisonment; that sentence was split and he was ordered to serve 3 years in prison. Smith was fined $50,000 pursuant to § 13A-12-231(3)(a), Ala.Code 1975. In the distribution case, Smith was sentenced to 12 years’ imprisonment, and was ordered to pay a *1178 $1,000 Demand Reduction Assessment pursuant to § 13A-12-281, and other fines. In the possession case, Smith was sentenced to 12 years’ imprisonment, and was ordered to pay a $1,000 Demand Reduction Assessment and other fines. The circuit judge also ordered Smith to pay court costs and $50 to the Victims Compensation Fund in each of the three cases. The sentences were to run concurrently.
On August 8, 2001, Smith filed a “Motion to Set Aside Guilty Plea; Motion to Reconsider Sentence; Motion for New Trial.” The motion made the following allegations:
“1. The Defendant’s plea of guilt was not voluntarily made.
“2. The Defendant’s plea of guilt was not made with the Defendant’s full understanding of the charges against him, was not made with the Defendant’s full understanding of his rights, the punishment or punishments provided by law, and was not made with the Defendant’s understanding the consequences of his pleading guilty.”
(C.R.14, 89.)
On August 10, 2001, the circuit court conducted another sentencing hearing. At that hearing, the circuit judge stated that he had intended the 12-year sentence for distribution to be split so that Smith would serve 3 years’ imprisonment, to mirror the trafficking sentence, and he modified Smith’s sentence in the distribution case accordingly. On August 16, 2001, the circuit court summarily denied Smith’s motion to withdraw his guilty pleas. This appeal followed.
On appeal, Smith claims that “[t]he trial court abused its discretion by failing to set aside [his] pleas of guilt by failing to schedule an evidentiary hearing or otherwise investigate [his] motion to set aside the guilty pleas.” (Smith’s brief, p. 6.) We disagree.
An attack on the validity of a guilty plea is preserved for appellate review by first presenting to the trial court a timely objection, a motion to withdraw the guilty plea, or a motion for a new trial. See Grays v. State, 782 So.2d 842, 844 (Ala.Crim.App.2000). This Court will not overturn the trial court’s decision on whether to allow a defendant to withdraw his guilty plea absent an abuse of discretion by the trial court. See Palmer v. State, 745 So.2d 920, 921 (Ala.Crim.App.1999). See also Speigner v. State, 663 So.2d 1024, 1028 (Ala.Crim.App.1994).
The circuit judge apparently considered Smith’s motion and concluded that summary dismissal was appropriate. There is no requirement, either statutory or in caselaw, that an evidentiary hearing be held on the matter. To the contrary, a motion to withdraw a guilty plea, as the functional equivalent of a motion for a new trial, may be denied by operation of law pursuant to Rule 24.4, Ala. R.Crim. P. Therefore, we look to the record to determine whether the circuit court’s summary dismissal was an abuse of discretion.
Smith’s motion alleged that his pleas were not entered into voluntarily and that he did not understand the charges against him, his rights, the punishments he faced, or the consequences of pleading guilty.
However, at the plea hearing, Smith indicated that he had discussed the eases with his attorney several times and that he understood his rights and the nature of the charges against him. Smith confirmed that he had read the indictments, that he understood the charges against him, and that he did not wish the judge to read the indictments. Smith also confirmed that he had read and understood the “Explanation of Rights and Plea of Guilty” form (C.R.9), and that his attor *1179 ney had gone over the form with him. Smith confirmed that he understood that the two five-year enhancements would apply to his sentence for unlawful sale within three miles of a school and within three miles of a housing project. The circuit court explained the maximum and minimum sentences Smith could receive. The circuit court then conducted a full and thorough colloquy by questioning Smith further about his understanding of his rights. Smith answered affirmatively that he understood each right as the circuit judge explained them. Smith pleaded guilty to each of the charged offenses. The prosecutor stated what he expected the evidence to show. Smith agreed with the prosecutor’s version of the facts.[2] Smith’s attorney stipulated[3] that the unlawful distribution occurred within three miles of a school and within three miles of a housing project.
The record reflects that the plea colloquy satisfied the requirements of Rule 14.4, Ala. R.Crim. P., and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record shows that Smith’s guilty pleas were made knowingly, intelligently, and voluntarily, and that a sufficient factual basis supported the guilty pleas. Thus, viewing the issues presented to the circuit court in Smith’s motion, we find no abuse of discretion in that court’s summary dismissal of Smith’s motion to withdraw his guilty pleas.
On appeal, Smith states, “In the case at bar, the Appellant was seventy-three years old, was ill, and had expressed to the trial court on the Record that he was unaware of what was going on.” (Smith’s brief, p 7.) The general language in Smith’s motion to withdraw his guilty pleas was not sufficient to put the circuit court on notice of the specific issues he now attempts to raise on appeal. “Failure to include a reasonably ascertainable issue in a motion for a new trial will result in a bar to further argument of the issue on appeal and in post-conviction proceedings.” Ex parte Jackson, 598 So.2d 895, 897 (Ala.l992)(overruled on other grounds by Ex parte Ingram, 675 So.2d 863 (Ala. 1996)). See also Cantu v. State, 660 So.2d 1026, 1029 (Ala.1994) (“the trial court is given the first opportunity to review the issue of voluntariness of the guilty plea”). Thus, the boilerplate language he used in his motion to withdraw his guilty pleas failed to preserve for appellate review the specific claims now raised on appeal.
Moreover, even if Smith had preserved those claims for our review, he would not be entitled to any relief because his claims are without merit. Throughout the colloquy, Smith indicated that he understood the charges against him, his rights, and the ramifications of his plea. In his brief on appeal, Smith cites two portions of the record (R. 20, 32), which he contends support his claim that his age and health affected his understanding of the plea and its voluntariness, and that he communicated the same to the circuit court. A review of those record cites reveals nothing of that nature.
*1180 At sentencing, nearly six months after Smith entered pleas of guilty, the circuit court asked if he had anything to say before sentence was imposed. Smith’s attorney responded,
“Judge, Mr. Smith [is] 73 years old. He is ill. He has health problems. He has a lady that he’s living with—it’s his common-law wife. He doesn’t know that but that’s what she is. She’s recently had an open-heart surgery and he’s in charge of her health at this time. I spoke with her yesterday.”
(R. 20.) Smith’s attorney went on to discuss Smith’s attempts to assist law enforcement and referenced a petition signed by Smith’s neighbors that indicated that he did not cause them any trouble. This portion of the record does not support Smith’s contention that he entered into his plea involuntarily or unknowingly. Rather, it was a plea for leniency, as evidenced by the last sentence in that same passage by Smith’s attorney. “I know the Court’s hands are tied with regards to the issues contained in this case and the statutes provided herein but we would ask that Your Honor consider any possible opportunity to either limit or avoid incarceration on behalf of Mr. Smith.” (R. 21.) Clearly, this does not support Smith’s contention that he advised the circuit court that his age and health affected the validity of his guilty pleas.
Next, we look to the second citation in Smith’s brief to the record. At the second sentencing hearing conducted by the circuit court, that court amended its earlier sentence in the distribution case from 12 years’ imprisonment, and it split that sentence so that Smith would serve 3 years. At the beginning of that hearing, the circuit judge asked Smith how he was doing. The following colloquy ensued:
“[Smith]: I don’t know—aware of what’s going on, really.
“The Court: You are or you are not.
“[Smith]: I don’t have—I-
“The Court: Okay. Let me tell you why we brought you— —
“[Smith]: I’ve been learning a lesson.”
(R. 32.) The circuit judge then explained to Smith that he was amending his sentence in the distribution case so that it would run the same length of time as in the trafficking case. He explained that, if it was not amended, Smith would have been imprisoned for approximately one year longer than the circuit judge originally intended. Smith affirmed that he understood what the circuit judge had told him and that he did not have anything further to say before the judge amended the sentence.
Again, nothing in this portion of the record gives rise to any indication that Smith’s guilty pleas were defective. Smith did express confusion about the purpose of the second sentencing hearing, and the amendment to his sentence. However, after the circuit judge explained the amendment, Smith confirmed that he understood the amended sentence and that he did not have anything further to say before that judge amended the sentence. Therefore, even if Smith’s claims had been preserved for our review, he would not be entitled to any relief because there is no merit to his claims.
Though we affirm Smith’s convictions, we remand this cause to the circuit court for that court to clarify for the record whether the mandatory penalties as required by §§ 13A-12-250, -270, Ala. Code 1975, were imposed. Smith stipulated that the unlawful distribution occurred within 3 miles' of a school and within 3 miles of a housing project. A review of the record revealed that the unlawful distribution and the trafficking charge arose from different incidents at the same *1181 location. Smith was informed, in the colloquy, about the nature of the enhancements and the additional penalties.[4] The circuit court sentenced him, in the trafficking case, to 15 years’ imprisonment; that sentence was split and he was ordered to serve 3 years. It does not appear that the enhancements were applied to this sentence. The circuit court sentenced him, in the unlawful-distribution case, to 12 years’ imprisonment, and later split that sentence so that he would serve 3 years. The record does not indicate whether this sentence included the enhancements, i.e., whether Smith was sentenced to (1) two-years’ imprisonment for the underlying charge and two five-year enhancements; (2) 12 years’ imprisonment for the underlying crime, and the enhancements were imposed and suspended[5] but that fact was merely omitted from the sentencing order; (3) 12 years’ imprisonment for the underlying crime and the enhancements were not imposed; or (4) some other sentence.
Furthermore, there is a discrepancy between the circuit court’s oral sentence and the written order in the trafficking case regarding the $1,000 Demand Reduction Assessment. The written order includes the assessment as required by § I3A-I2-281, Ala.Code 1975. However, at the sentencing hearing, the circuit court did not specify that this penalty was to be imposed on the trafficking conviction. The imposition of this assessment is mandatory for each conviction. See, e.g., Meeks v. State, 697 So.2d 60 (Ala.Crim.App.1996).
Thus, this cause is remanded to the trial court with directions for that court to impose the mandatory $1,000 Drug Demand Reduction Assessment on the trafficking conviction pursuant to § 13A-12-281 and to clarify the sentences imposed regarding the enhancements pursuant to §§ 13A-12-250 and -270. If, on remand, the circuit court determines that the enhancements were not imposed, that court is directed to conduct any hearings necessary to impose them accordingly.[6] A return to remand shall be filed with this Court within 56 days of the date of this opinion. The return to remand shall include a transcript of any proceedings conducted by the trial court.
AFFIRMED IN PART AND REMANDED WITH DIRECTIONS. 
*1182 McMILLAN, P.J., and BASCHAB and WISE, JJ., concur.
COBB, J., concurs in part and dissents in part, with opinion, which SHAW, J., joins.

. All three charges arose from different occurrences on different dates.

. The prosecutor stated that the trafficking violation occurred at 23rd and Forrest Avenue, and the unlawful distribution occurred in the parking lot at the Agricola Shopping Center. Smith disputed the location of the trafficking violation to the extent that he claimed both of these offenses occurred in the parking lot. Smith stated, "I’m not disputing — I ain’t disputing it happened at 23rd Street because it did happen.” (R. 16.)

. "A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof.” Gardner v. State, 668 So.2d 164, 165 (Ala.Crim.App.1995).

. The "Explanation of Rights and Plea of Guilty” form (C.R.9) also indicated that, pursuant to § 13A-12-250, Ala.Code 1975, Smith was to be punished by an additional five years’ imprisonment for the unlawful sale within three miles of a school, and pursuant to § 13A-12-270, Ala.Code 1975, Smith was to receive an additional five years’ imprisonment for the unlawful sale within three miles of a housing project. During the colloquy, the circuit judge specifically referenced this portion of the form, and ascertained that Smith had read and understood the form.

. We note, that effective May 25, 2000, § 15-18—8(a)(1), Ala.Code 1975, allows a trial court to suspend the sentence enhancements applied to a sentence under §§ 13A-12-250 and -270, Ala.Code 1975. See, e.g., Soles v. State, 820 So.2d 163, 164 (Ala.Crim.App. 2001).

.The Code Commissioner’s notes specifically provide that the amendment to § 15-18-8, Ala.Code 1975, is applied prospectively and applies to any case in which the sentence was not final at the trial court on May 25, 2000. Thus, should the circuit judge decide it appropriate under the facts of this case, the amended § 15—18—8(a)(1), Ala.Code 1975, allows him the discretion to impose and then suspend the sentence enhancements under §§ 13A-12-250 and -270, Ala.Code 1975. See, e.g., Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App.2001).