PER CURIAM.
The appellant, Karris Jones, was convicted of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. He was sentenced to two years’ imprisonment, enhanced by an additional five years’ imprisonment pursuant to § 13A-12-250, Ala.Code 1975, and an additional five years’ imprisonment pursuant to § 13A-12-270, Ala.Code 1975, for a total of 12 years’ imprisonment.
I.
Jones contends that the evidence was insufficient to sustain his conviction because, he says, “[a]ll of the State’s witnesses were either impeached or they admitted to either mistakes or the fact that they never saw an actual sale of unlawful substances.” (Jones’s brief at p. 11.)
Although couched in terms of the sufficiency of the evidence, Jones’s claim actually goes to the weight of the evidence, not its sufficiency. However, Jones never presented this claim to the trial court. Although Jones moved for a judgment of acquittal at the close of the State’s case and filed a motion for a new trial, he did not allege in either motion that the verdict was contrary to the law or against the weight of the evidence. Therefore, this issue was not properly preserved for review. See, e.g., Zumbado v. State, 615 So.2d 1223, 1241 (Ala.Crim.App.1993) (“The issue of the weight of the evidence is preserved by a motion for a new trial, stating ‘that the verdict is contrary to law or the weight of the evidence.’ ”).
Moreover, even if this issue were preserved for review, it has no merit. “Any issues regarding the weight and credibility of the evidence are not renewable on appeal once the state has made a prima facie case.” Jones v. State, 719 So.2d 249, 255 (Ala.Crim.App.1996), aff'd, 719 So.2d 256 (Ala.1998). “ ‘ “[T]he credibility of witnesses and the weight or probative force of testimony is for the jury to judge and determine.” ’ ” Johnson v. State, 555 So.2d 818, 820 (Ala.Crim.App.1989), quoting Harris v. State, 513 So.2d 79, 81 (Ala.Crim.App.1987), quoting in turn Byrd v. State, 24 Ala.App. 451, 136 So. 431 (1931). “We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial.” Johnson, 555 So.2d at 820. “ ‘When the jury has passed on the credibility of evidence tending to establish the defendant’s guilt, this Court cannot disturb its finding.’ ” Rowell v. State, 647 So.2d 67, 69 (Ala.Crim.App.1994), quoting Collins v. State, 412 So.2d 845, 846 (Ala.Crim.App.1982). Furthermore, we have stated that this Court “ ‘must view the evidence in the light most favorable to the State, and “draw all reasonable inferences and resolve all credibility choices in favor of the trier of fact.” ’ ” D.L. v. State, 625 So.2d 1201, 1204 (Ala. *1038 Crim.App.1993), quoting Woodberry v. State, 497 So.2d 587, 590 (Ala.Crim.App.1986).
Viewed in the light most favorable to the State, the State’s evidence indicated the following. On August 3, 1999, Andrew Puckett, an informant with the Decatur Police Department, and his wife, Brooke, purchased a substance later determined to be cocaine from Jones and Jones’s code-fendant, Roderick Reynolds,[1] at the West Moulton Mini Mart in Morgan County. Both Puckett and his wife positively identified Jones as one of the men from whom Puckett purchased the cocaine. This evidence was sufficient to sustain Jones’s conviction for unlawful distribution of a controlled substance. Any inconsistencies or conflicts in the evidence and the credibility of the informant were questions for the jury, not for this Court.
II.
Jones also contends that the trial court erred in overruling his objection and enhancing his sentence pursuant to §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, because, he says, those enhancements were not proven to the jury beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
We agree that the State did not prove the enhancements to the jury; the only evidence indicating that the controlled buy took place within three miles of a school and within three miles of a housing project was presented at the sentencing hearing. However, as noted above, Jones was sentenced to two years’ imprisonment, enhanced by an additional 10 years’ imprisonment pursuant to §§ 13A-12-250 and 13A-12-270, for a total of 12 years’ imprisonment. Jones’s total sentence was within the statutory range for unlawful distribution of a controlled substance, a Class B felony. See § 13A-5-6(a)(2), Ala.Code 1975 (providing that the sentence for a Class B felony shall be “not more than 20 years or less than 2 years”). Therefore, any error in enhancing Jones’s sentence in violation of Apprendi was harmless. See Pearson v. State, 794 So.2d 448, 449 (Ala.Crim.App.2001)(“[B]ecause the application of the enhancements did not increase the appellant’s sentence beyond the statutory maximum for unlawful distribution of a controlled substance, any error was harmless, and the Supreme Court’s decisions in Jones [v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999),] and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), do not require that the enhancement portions of the sentence be set aside.”).
III.
Jones also contends, in the alternative, that even if the enhancements in §§ 13A-12-250 and 13A-12-270 were properly applied, he is nevertheless entitled to resentencing because, he says, the trial court mistakenly believed that it did not have the authority to split his sentence under § 15-18-8, Ala.Code 1975.
In Soles v. State, 820 So.2d 163, 165 (Ala.Crim.App.2001), this Court held that “the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements” despite the prohibition against probation in §§ 13A-12-250 and 13A-12-270. Section 15-18-8 was amended effective May 25, 2000; Jones was sentenced on August 23, 2001. Therefore, the amendment applied to Jones, and the trial court had the discretion to split and/or to suspend Jones’s sentence.
*1039 However, this Court’s decision in Soles was not released until September 28, 2001, after Jones was sentenced, and counsel for both Jones and Reynolds argued to the trial court, in part, that the enhancements should not be applied because if the enhancements were applied, Jones would then not be eligible for probation on the enhanced portion of the sentence. In addition, the trial court’s sentencing order states that the enhancements in §§ 13A-12-250 and 13A-12-270 “cannot be ordered to be served on probation.” (C. 10.) Although the trial court did not state on the record that it would have imposed a different sentence if it had known that it had the authority to do so, as the trial court did in Tucker v. State, 833 So.2d 668 (Ala.Crim.App.2001), under the circumstances in this case, we believe that the trial court should be given the opportunity to resentence Jones, if it so chooses, in accordance with the newly amended § 15-18-8 and with this opinion.
Therefore, we remand this case to allow the trial court an opportunity to resen-tence Jones if necessary. However, we note that nothing in this opinion should be construed as requiring the trial court to sentence Jones differently. Section 15-18-8, as amended in May 2000, does not require a trial court to split or suspend the imposition of the sentence enhancements. The amendment merely gives the trial court the discretion to do so, if it determines that such is appropriate based on the facts of the case. Thus, the trial court should resentence Jones only if the court determines that splitting Jones’s sentence is appropriate in this case. If the trial court determines that splitting Jones’s sentence is not appropriate and, therefore, that the original sentence should stand, resentencing is not necessary and the trial court should so state in its order on return to remand.
Accordingly, we affirm Jones’s conviction for unlawful distribution of a controlled substance and remand this case for reconsideration of the sentence in accordance with this opinion. Due return should be filed with this Court no later than 42 days from the date of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH DIRECTIONS AS TO SENTENCING. 
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. SHAW, J., concurs in part and dissents in part, with opinion, which COBB, J., joins.

. Jones and Reynolds were tried together; both were found guilty.