939 So.2d 957 (2005)
Mark Lynn BROWN
v.
STATE of Alabama.
CR-03-1951.
Court of Criminal Appeals of Alabama.
December 23, 2005.
J.E. Sawyer, Jr., Enterprise, for appellant.
Troy King, atty. gen., and Kevin C. Newsom, deputy atty. gen., and Andy Scott Poole, asst. atty. gen., for appellee.
SHAW, Judge.
On May 14, 2003, officers with the drug task force for the Twelfth Judicial Circuit *958 executed a search warrant at the house of Mark Lynn Brown and found the following items: weapons; a two-liter bottle containing a bi-layered liquid; a casserole dish containing a razor blade and a white flaky powder; a second casserole dish also containing a white flaky powder; a bottle of charcoal lighter fluid; a bottle containing "matches that ha[d] been soaked to extract the phosphorous out of the striker plates" (R. 36); a container of Red Devil brand lye; a glass jar containing acetone; several coffee filters; and a set of digital scales. Forensic testing revealed that both layers of the bi-layered liquid contained methamphetamine and that the powdery substance in both casserole dishes was methamphetamine.[1] Brown was charged with, and convicted of, trafficking in methamphetamine, a violation of § 13A-12-231(11), Ala.Code 1975, and unlawful manufacture of a controlled substance, methamphetamine, in the first degree, a violation of § 13A-12-218(a), Ala.Code 1975. He was sentenced to 15 years' imprisonment for the trafficking conviction and to 10 years' imprisonment for the manufacturing conviction.
On appeal, Brown contends that the trial court erred in admitting into evidence a certificate of analysis from the Alabama Department of Forensic Sciences regarding the nature of the substances found in his house, because, he says, admission of the certificate violated his right to confrontation.[2] The issue raised presents two questions for this Court. First, did Brown properly preserve the issue of the admissibility of the certificate of analysis? Second, if the issue was preserved, does the admission of a certificate of analysis pursuant to § 12-21-300 et seq., Ala.Code 1975, violate a defendant's right to confrontation in light of the United States Supreme Court's recent opinion in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)? We answer the first question in the negative; therefore, we need not reach the second question.
Section 12-21-300 provides:
"(a) In any criminal case, or juvenile or family court case which is of a criminal nature, the prosecuting authority may offer a certificate of analysis as described below, in lieu of direct testimony. The court shall receive as evidence the certificate of analysis from any of the following:
"(1) A person performing an analysis or examination in any laboratory operated by the Alabama Department of Forensic Sciences or authorized by the department to conduct an analysis or examination of the type performed.
"(2) A person performing an analysis or examination in any criminalistics laboratory established pursuant to federal law.
"(b) To be admissible pursuant to this section, a certificate of analysis shall contain all of the following:
"(1) The date and time the evidence was delivered to the facility.
"(2) The name of the person making the delivery, and the name of the person receiving the delivery.
"(3) A brief description of the evidence.
"(4) The type of examination or analysis requested.

*959 "(5) The name of the person making the examination or analysis.
"(6) The date or dates of the examination or analysis.
"(7) The results of the examination or analysis.
"The certificate of analysis shall give the name and address of the facility in which the examination or analysis was made, and it shall be signed by and sworn to as true and correct, under penalty of law, by the person making the examination or analysis."
Section 12-21-301 provides:
"The party seeking to introduce a certificate of analysis shall not less than 40 days prior to the commencement of the hearing or trial, give written notice to all parties of intent to offer proof by a certificate of analysis. The notice shall include a copy of the certificate of analysis."
Section 12-21-302 provides:
"(a) The party against whom the certificate is offered may request, not later than 30 days prior to the commencement of the hearing or trial, a hearing to show cause why a subpoena should be issued for cross-examination of the person who performed the examination or analysis.
"(b) The request shall be in writing and shall contain a certification that the requesting party intends in good faith to conduct the cross-examination. The request shall also include a statement of the basis upon which the requesting party intends to challenge the findings contained in the certificate of analysis. The court shall grant the request for subpoena only for good cause shown. Good cause shall not include a challenge to the findings contained in the certificate of analysis, unless the requesting party first establishes a legitimate basis for the challenge. If the request for subpoena is granted, and the requesting party subsequently fails to conduct the cross-examination previously certified to, the court shall assess against the requesting party, all necessary and reasonable expenses incurred for the attendance in court of the certifying witness."[3]
The statutory scheme found in § 12-21-300 et seq. provides a multi-layered procedure for the admission of a certificate of analysis. It requires the party seeking to introduce the certificate of analysis in lieu of live testimony from the forensic scientist who performed the analysis, in this case the State, to give timely notice of its intent to do so and to attach to that notice a copy of the certificate it intends to introduce. It also requires the party against whom the certificate is being offered, in this case Brown, if he or she wishes to challenge the certificate, to bring the issue to the trial court's attention before trial by filing a written request for a show-cause hearing that contains a certification that the party intends in good faith to cross-examine the scientist as well as a statement of the basis upon which the party intends to challenge the findings in the certificate. At the show-cause hearing, the party challenging the certificate must then establish a legitimate basis for challenging the certificate.
The record reflects that on October 28, 2003, over five months before Brown's trial began, the State, in compliance with § 12-21-301, filed notice of its intent to introduce the certificate of analysis in lieu of live testimony from the forensic scientist who performed the testing on the substances and attached to that notice a copy *960 of the certificate it intended to introduce. Brown, however, did not comply with § 12-21-302; he did not file a written request 30 days before trial for a hearing to show cause why a subpoena should be issued for the forensic scientist. Instead, Brown waited until after the trial had begunspecifically, after opening statements but before the State's first witness was calledand then objected to the certificate of analysis on the ground that its admission would violate his right to confrontation; the trial court overruled the objection. Brown renewed his objection when the State began questioning one of the officers who had conducted the search of Brown's house regarding the contents of the certificate and again when the State offered the certificate into evidence; the trial court again overruled the objection.
Although Brown does not directly challenge the constitutionality of § 12-21-300 et seq., as counsel for the State recognized in oral argument the constitutionality of the statute is, at least to a limited degree, implicated by the very nature of the issue presented. In determining whether Brown properly preserved this issue for review, we must consider what impact Crawford has on the procedure set forth in § 12-21-300 et seq.
In Crawford, the United States Supreme Court held that the Confrontation Clause of the Sixth Amendment prohibits the admission of testimonial hearsay statements in a criminal trial unless the hearsay declarant is unavailable to testify and the accused has had an opportunity to cross-examine the declarant. 536 U.S. at 68, 122 S.Ct. 2017. Crawford speaks to the issue of the meaning and scope of the Confrontation Clause; it does not, however, speak to the issues of preservation and waiver of a criminal defendant's confrontation right. In Alabama, it is well settled that "`questions involving constitutional rights must be seasonably raised at the trial court level.'" Ross v. State, 581 So.2d 495, 496 (Ala.1991), quoting Johnson v. State, 480 So.2d 14, 17-18 (Ala.Crim.App. 1985). Crawford does not change this law.
In adopting § 12-21-300 et seq. the legislature clearly intended to reduce the burden on the Alabama Department of Forensic Sciences caused by the need for live testimony by its forensic scientists, and this Court is cognizant of the large number of cases currently before the department and of its limited resources. To have forensic scientists traveling across Alabama to testify in every case involving forensic evidence, even in those cases in which the opposing party has no intention of challenging the forensic evidence, would greatly reduce the amount of time those scientists have to actually conduct the examinations and analyses and would cause even more delays in the criminal justice system. It is equally apparent, however, that the legislature did not intend for certificates of analysis to be admissible in all cases, because it both limited the applicability of the statutes to certain cases and provided a method by which the opposing party could compel the attendance of the forensic scientist. Under § 12-21-302, the proper time for the opposing party to raise an objection to the admission of a certificate of analysis and to compel the attendance of the forensic scientist is at least 30 days before trial. The purpose behind this time requirement, as well as the time requirement in § 12-21-301 is apparent: to allow sufficient time to secure the presence of the forensic scientist in those cases in which his or her presence is necessary. Crawford, in addressing the admissibility of testimonial hearsay statements under the Confrontation Clause, does not affect these time requirements, and because Brown did not comply with the time requirement in § 12-21-302that a challenge *961 to the admissibility of the certificate of analysis be raised at least 30 days before trialwhether Crawford impacts the other provisions of § 12-21-302, i.e., that the opposing party must establish a legitimate basis for wanting to cross-examine the forensic scientist and that if the opposing party fails to conduct the cross-examination, the costs of bringing the scientist to court will be taxed to the opposing party, need not be determined in this case.
Because Brown did not comply with § 12-21-302 by challenging the certificate of analysis at least 30 days before trial, his objection to the certificate after the trial began was untimely; therefore, the issue of the admissibility of the certificate of analysis is not properly before this Court for review.
Based on the foregoing, we affirm Brown's convictions for trafficking in methamphetamine and unlawful manufacture of methamphetamine as well as his sentence for the manufacturing conviction. We must, however, remand this case for resentencing on the trafficking conviction. "Matters concerning unauthorized sentences are jurisdictional," Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). For the trafficking conviction, the trial court sentenced Brown to 15 years' imprisonment and imposed a $50,000 fine in compliance with §§ 13A-12-231(11)a and 13A-12-231(12), Ala.Code 1975. However, § 13A-12-231(13), Ala.Code 1975, further provides, in pertinent part, that "[n]otwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000)."[4] The undisputed evidence at trial indicated that multiple firearms were discovered in Brown's residence at the time of the search.[5] Accordingly, the sentence-enhancement provision in § 13A-12-231(13) must be applied to Brown's sentence. Therefore, we remand this case for the trial court to apply the enhancement in § 13A-12-231(13) to Brown's sentence. Due return shall be filed with this Court within 28 days of the date of this opinion.
AFFIRMED IN PART; AND REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB and WISE, JJ., concur. BASCHAB, J., concurs in part and dissents in part, with opinion.
*962 BASCHAB, Judge, concurring in part and dissenting in part.
I concur with the majority's conclusion that the issue of the admissibility of the certificate of analysis is not properly before this court for review. However, I dissent because I believe the majority should also analyze whether the appellant's convictions for both first-degree unlawful manufacture of a controlled substance (methamphetamine) and trafficking in methamphetamine violate double jeopardy principles.
NOTES
[1] Testimony indicated that charcoal lighter fluid, phosphorous, lye, acetone, and coffee filters are often used in the manufacturing of methamphetamine.
[2] Brown also raised a second issue in his brief to this Court. However, Brown expressly abandoned that issue at oral argument before this Court; therefore, we do not address it.
[3] Section 12-21-303, which is not applicable to this case, provides that "[t]his subdivision shall not apply where the defendant is charged with an offense punishable by death, nor shall this subdivision apply to the offenses enumerated in Chapter 6 of Title 13A."
[4] Section 13A-12-231(13) also provides that "the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence." However, § 15-18-8(a)(1), Ala.Code 1975, allows a trial court to split a sentence of 20 years or less "notwithstanding any provision of law to the contrary." As this Court recognized in Soles v. State, 820 So.2d 163 (Ala.Crim.App.2001), the phrase "notwithstanding any provision of law to the contrary" was added to § 15-18-8 in a 2000 amendment and, thus, "is the latest expression of the Legislature in this area." 820 So.2d at 165. Therefore, § 15-18-8(a)(1) supersedes the prohibition against probation in § 13A-12-231(13).
[5] Possession of the firearms was an element of the manufacturing conviction; therefore, by its verdict finding Brown guilty of unlawful manufacturing, the jury found beyond a reasonable doubt that Brown possessed firearms and the imposition of the firearm enhancement in § 13A-12-231(13) does not violate Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
[*] Note from the reporter of decisions: On February 17, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 14, 2006, that court denied rehearing, without opinion.