WISE, Presiding Judge.
 

 Leonard Smith, an inmate incarcerated in the Alabama Department of Corrections, filed a petition for a writ of certiora-ri, challenging a decision of the Alabama Board of Pardons and Paroles (“the Board”) regarding his parole consideration date. After the State responded, the circuit court conducted an evidentiary hearing and ordered that the Board set a parole hearing for Smith by no later than February 2010. This appeal by the Board followed.
 

 In his petition, Smith alleged that, on October 22, 2002, he entered a plea of guilty to conspiracy to traffic in cocaine, a violation of §§ 13A-12-204 and 13A-12-231(2), Ala.Code 1975; that the trial court sentenced him to serve a term of 35 years in prison with a minimum of 15 years to be served; that he was given an initial parole consideration date of September 15, 2004; that family members informed him that the Board had initially decided to grant him parole; that, a few minutes later, Board members informed his family members that they had received new information and had set a new hearing date for October 20, 2004; and that, on October 4, 2004, he received notice that his parole hearing had been canceled and that his parole consideration dated had been reset for 2016. He also alleged that he later learned that the district attorney had protested the decision to release him on parole, arguing that the Board did not have the authority to release him until he served the mandatory minimum of 15 years in prison.
 

 Smith challenged the Board’s decision, arguing that § 13A-12-231(2)c., Ala.Code 1975, does not specifically prevent him from being released on parole during the first 15 years of his sentence. Relying on
 
 Soles v. State,
 
 820 So.2d 163, 165 (Ala.Crim.App.2001), in which this court held
 
 *1200
 
 that “the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements,” the circuit court concluded that Smith was not required to serve a mandatory minimum term of 15 years. Therefore, it ordered that the Board set a parole hearing date for Smith.
 

 The Board argues that the circuit court erred in relying on
 
 Soles
 
 and ordering that it set a parole hearing for Smith before he has served the mandatory minimum portion of his sentence.
 
 [1]
 
 For the reasons set forth herein, we agree.
 

 With regard to trafficking in cocaine, § 13A-12-23K2), Ala.Code 1975, provides:
 

 “Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in Section 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine.’ If the quantity involved:
 

 [[Image here]]
 

 “c. Is one kilo, but less than 10 kilos, then the person
 
 shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years
 
 and to pay a fíne of two hundred fifty thousand dollars ($250,-000).”
 

 (Emphasis added.) Also, with regard to conspiracy to commit a controlled substance crime, § 13A-12-204(c), Ala.Code 1975, provides:
 

 “A criminal conspiracy to commit a controlled substance crime shall be punished the same as the controlled substance crime that is the object of the conspiracy.”
 

 Further, with regard to eligibility for parole on trafficking offenses, § 13A-12-232, Ala.Code 1975, specifically provides:
 

 “(a) Notwithstanding the provisions of Chapter 22, Title 15, or any other provision of law, with respect to any person who is found to have violated Section 13A-12-231, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld,
 
 nor shall such person be eligible for any type of parole,
 
 probation, work release, supervised intensive restitution program, release because of deduction from sentence for good behavior under corrections incentive time act or any other type of early, conditional, or temporary release program, nor shall such person be permitted to leave the penitentiary for any reason whatsoever except for necessary court appearance and for necessary medical treatment,
 
 prior to sewing the mandatory minimum term of imprisonment prescribed in this article or 15 years, whichever is less.
 
 Nothing contained in this section shall be construed in any way to render any inmate eligible for parole, probation, suspended sentence, furlough, pass, leave, or any type or early, conditional, or temporary release program of any type to which the inmate is not otherwise eligible under other provision of law.
 

 “(b) The prosecuting attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of Section 13A-12-231, except where the sentence is life imprisonment without parole, and who provides substantial assistance in the arrest, or in the conviction of any of
 
 *1201
 
 his accomplices, accessories, coconspira-tors, or principals. The arresting agency shall be given an opportunity to be heard in aggravation or mitigation in reference to any such motion. Upon good cause shown, the motion may be filed and heard in camera. The judge hearing the motion may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance. Under no circumstances may the judge reduce or suspend the sentence except upon motion of the prosecuting attorney.”
 

 (Emphasis added.) Finally, as we noted in
 
 Soles,
 
 820 So.2d at 164:
 

 “ ‘The first rule of statutory construction is that the intent of the legislature should be given effect.
 
 Ex parte McCall,
 
 596 So.2d 4 (Ala.1992);
 
 Volkswagen of America, Inc. v. Dil
 
 lard; 579 So.2d 1301 (Ala.1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself.
 
 Dillard,
 
 supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language.
 
 Ex parte United Service Stations, Inc.,
 
 628 So.2d 501 (Ala.1993);
 
 IMED Corp. v. Systems Eng’g Associates Corp.,
 
 602 So.2d 344 (Ala.1992).’
 

 “Beavers v. County of Walker,
 
 645 So.2d 1365, 1376-77 (Ala.1994). See also
 
 Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County,
 
 589 So.2d 687, 689 (Ala.1991) (‘Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ (citations omitted)).”
 

 The plain language of § 13A-12-204(e), Ala.Code 1975, establishes that a defendant who is convicted of conspiracy to traffic is to be punished the same as if he had actually been convicted of trafficking.
 
 See, e.g., Browder v. State,
 
 728 So.2d 1108 (Ala.1997) (holding that the firearm enhancement provision in the trafficking statute is also applicable to a conviction for conspiracy to traffic in controlled substances). Also, the fact that the provisions of § 13A-12-232, Ala.Code 1975, are not included in § 13A-12-231, Ala.Code 1975, does not preclude the application of those provisions to the offense of conspiracy to traffic in cocaine.
 
 See Skinner v. State,
 
 843 So.2d 820 (Ala.Crim.App.2002) (holding that the sentence enhancements set forth in §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, apply to convictions for attempt to sell a controlled substance and for conspiracy to sell a controlled substance). Therefore, we conclude that the provisions of § 13A-12-232(a), Ala.Code 1975, are applicable to Smith’s sentence, even though he was convicted of conspiracy to traffic in cocaine rather than trafficking in cocaine.
 

 In
 
 Soles,
 
 this court held that “the newly amended § 15-18-8 allows a trial judge to suspend a sentence imposed upon application of the school/housing enhancements.”
 
 Soles,
 
 820 So.2d at 165. In reaching that conclusion, we noted that § 15-18-8(a)(l), Ala.Code 1975, had been amended after the latest statement by the Alabama Legislature with regard to the sentencing enhancements in §§ 13A-12-250 and 13A-12-270, Ala.Code 1975. Therefore, we concluded that the latest expression of the law by the Alabama Legislature superseded the probation proscriptions in the
 
 *1202
 
 schoolyard and public housing project enhancement statutes.
 

 This case is distinguishable from
 
 Soles.
 
 Although §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, expressly prohibited the sentencing court from imposing probation for those mandatory sentence enhancements, this court’s' holding in
 
 Soles
 
 was based on the conclusion that legislation amending the split-sentencing statute in § 15-18-8(a)(l), Ala.Code 1975, allowed for a trial court to suspend a sentence imposed upon application of the schoolyard and/or public-housing enhancements. Smith is serving a straight 35-year sentence and, unlike Soles, is not eligible for a split sentence. Therefore, the newly enacted provisions of § 15-18-8, Ala.Code 1975, do not apply to his case and do not supersede the language in § 13A-12-232, Ala.Code 1975, that prohibits eligibility for parole during the mandatory minimum period of incarceration.
 

 Based on the plain language of § 13A-12-232(a), Ala.Code 1975, we conclude that Smith was required to serve a mandatory minimum period of 15 years in prison before he would be eligible for parole. As the Alabama Supreme Court observed in
 
 Ex parte Jones,
 
 444 So.2d 888, 890 (Ala.1983):
 

 “The legislature obviously intended that all persons convicted of trafficking would receive a minimum mandatory sentence (unless they fall within the express exception set out in § 20-2-81(b)) and that the sentence would be served. Neither the trial courts nor the Pardons and Parole Board has the power to reduce or suspend the mandated sentence.
 
 Williams v. State,
 
 420 So.2d 91 (Ala.Crim.App.1982).”
 

 The circuit court erred in granting Smith’s petition and ordering that the Board consider Smith for parole before he had served the mandatory minimum portion of his sentence. Accordingly, we reverse the circuit court’s judgment and remand this case for proceedings that are consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . Because of our disposition of this issue, we need not address the remaining arguments the Board raises.